# IN RE THE INTERNAL OPERATING RULES OF THE MONTANA SUPREME COURT.

## ORDER

This Court has reviewed its internal operating rules and concluded it is appropriate to revise the rules to improve the opinions of the Court and with the hope of reducing the time required for opinions. The Court has discussed the "1988 Internal Operating Rules" and concluded it will operate under such rules until the further order of this Court.

The provisions of the Constitution of the State of Montana grant to this Court the power to make rules governing the conduct of the Court and of its members, without approval of other branches of government or of the organized bar.

IT IS ORDERED:

(1) The attached "1988 Internal Operating Rules" are hereby adopted commencing January 4, 1988, and to remain in effect until the further order of this Court.

(2) The "1988 Internal Operating Rules" shall be delivered to the State Bar of Montana for publication in The Montana Lawyer, and to the State Reporter and West Publishing Company with the request that they consider the same for publication.

DATED this 17th day of December, 1987.

s/J.A. Turnage, Chief Justice
s/John Conway Harrison, Justice
s/Fred J. Weber, Justice
s/R.C. McDonough, Justice
s/William E. Hunt, Justice
s/L.C. Gulbrandson, Justice

## MONTANA SUPREME COURT
## 1988 INTERNAL OPERATING RULES

### SECTION I. CLASSIFICATION AND CONSIDERATION FOR SUMMARY DISPOSITION, REBRIEFING AND SUBMISSION ON BRIEFS

1. Upon receipt of appellant's reply brief, or after the time for filing the same has expired, the office of the Clerk of Court shall

promptly deliver copies of the briefs to all justices and to the Chief Justice all district court files. All documents subsequently received pertaining to such cases shall be promptly delivered to the Chief Justice.

2. The Chief Justice then shall assign each case to a panel of five justices and place each case on a conference agenda at least one week later.

3. On the conference date the following procedure will be used in considering the cases set for conference:

(a) Each case will be discussed by the 5 justices assigned to that case. The first issue shall be oral argument. If two justices request oral argument, the case will be set for oral argument en banc, and no further discussion will be held on that case.

(b) If an appeal is deemed frivolous, it will be summarily dismissed. If a case is found to be insufficiently briefed, it will be returned to counsel for such rebriefing as is required.

(c) If the case is classed as submitted on briefs, the 5 justices on the panel will discuss the merits of the case and take a tentative vote. If 4 or more justices reach a conclusion, the case then will be assigned by the Chief Justice to one of the 5 justices on the panel for opinion writing, and that date will be the submission date for that case. If 4 justices do not vote for one position, the case will be assigned for en banc consideration at the conference one week later.

(d) Appropriate orders shall advise counsel of summary disposition, rebriefing requirements, and submission on briefs assignment.

(e) Cases classified for oral argument shall be placed on the calendar. An appropriate order shall promptly give notice of the time set for hearing oral argument.

## SECTION II. ORAL ARGUMENT

1. Where an appeal is calendared for oral argument, the Chief Justice shall designate a justice to author a bench memorandum. The bench memorandum shall be completed in sufficient time for distribution at least one week prior to oral argument.

2. The bench memorandum shall contain these elements:

(a) A brief orientation paragraph.

(b) A statement of the issues with references to the pages on the various briefs on which the issues are treated.

(c) The pertinent facts.

(d) The procedure followed.

(e) Discussion of issues in the order contained in the briefs, setting

out the appellant's contentions, the respondent's contentions and a discussion on each issue with page references to briefs.

(f) Any conclusion and recommendations.

(g) The memorandum is for reference purposes and shall be as brief as possible.

3. The justice preparing the bench memorandum may request a pre-argument conference to be held prior to oral argument. At that conference a discussion may be held upon issues, questions, and clarifications required.

4. A conference will be held following oral argument. The justice who prepared the bench memorandum will present his analysis of the issues and give his recommendation. The balance of the court will then vote on the case. The date of oral argument will be the submission date.

5. Oral argument cases on which a vote has not yet been taken will receive first priority at all Court conferences. A judge absent at a subsequent conference will be responsible for presenting his views in writing in time for conference.

6. When four justices have reached a tentative decision on a case, that case then will be assigned for opinion writing by the Chief Justice. The result is that the bench memorandum writing justice may not be the author of the opinion.

## SECTION III. OPINIONS

1. The basic aim is that the final opinion in each case shall be signed and filed with the Clerk of Court not later than 120 days following the submission date.

2. Within the foregoing period of 120 days, the following applies:

(a) Within 30 days of the submission date, the opinion-writing justice shall circulate an opinion draft. That draft shall be considered at the next Thursday conference, subject to the requirement that the opinion must be circulated by Monday in order to be considered on Thursday.

(b) At the conference the opinion draft shall be voted upon. If four justices vote in favor, the draft shall be finalized.

(c) A justice shall circulate copies of his signed dissenting or concurring opinion within 10 days of the date on which a majority approve a proposed opinion.

(d) Nothing contained in these time periods shall prevent a justice from filing a dissent or special concurring opinion after the 120 day

time limit or after the filing of the majority opinion with the Clerk of Court.

4. If the dissent or special concurring opinion is not signed within 10 days of the date on which the majority opinion was approved in Court conference, then the majority opinion shall be filed with the Clerk of Court without prejudice to the later filing of a dissenting or concurring opinion.

## SECTION IV. OPERATION AS SEVEN JUSTICE AND FIVE JUSTICE COURT

1. The Supreme Court en banc shall consist of seven members. The Court en banc shall hear all cases in which the accused shall have been sentenced to death, cases in which a bona fide challenge is made to the constitutionality of a statute, and such cases as shall be determined by two or more justices to require a hearing en banc.

2. Any petition for rehearing shall be considered by those justices hearing the case in the first instance. In a case decided by a five-justice panel, if two members would grant a petition for rehearing, the petition shall be granted. In a case decided en banc, if four members would grant a petition for rehearing, the petition shall be granted. The entire Court shall then determine whether to decide the case on the briefs or after oral argument. If a petition for rehearing is granted, the parties to the appeal will be notified as to whether the case will be decided on briefs or after oral argument.

3. All proposed opinions shall be circulated to all justices, whether members of the panel or not. Any justice who is not a panel member may request participation in the panel conference on such proposed opinion.

## SECTION V. ORDERS OF THE COURT

1. This section is designed to provide a more efficient, streamlined and speedier procedure for issuing and executing orders of the Court, and to conserve its judicial resources. All orders covered by part 2 of this section shall be signed by the Chief Justice or in his absence, the Acting Chief Justice on behalf of the Court in this manner:

> "For the Court
> By _____
> Chief Justice"

2. The following orders shall be signed as provided in part 1:

(1) All orders based on stipulation of counsel.

(2) All orders covering matters decided by the Court in Conference.

(3) All orders fixing or extending the time within which an act must be done.

(4) All orders concerning court calendars, case classifications, participation in and time limits for oral argument, applications for filing of briefs or for oral argument for amicus curiae and related orders.

(5) All interlocutory orders.

3. The following matters shall require the individual signatures of a majority of the justices:

(1) All opinions.

(2) Orders granting or denying rehearing, orders of dismissal, or other final dispositions.

## SECTION VI. GENERAL

1. The Chief Justice shall assign all cases on a rotation basis among the justices. The Chief Justice shall rotate on the 5-member panels in the same manner as other justices and shall hear a like number of cases. The Chief Justice shall be assigned one-third fewer cases for opinion than other justices because of his additional administrative duties.

2. The Supreme Court shall hold a conference twice weekly, one each Thursday morning and once each Tuesday morning, commencing at 9:00 a.m. in the conference room of the Court. At all conferences, oral argument cases without a submission date shall be given top priority. The Chief Justice shall prepare an agenda for each Tuesday and Thursday conference. The agenda for the Tuesday conference shall be distributed by noon on the preceding Friday. The agenda for the Thursday conference shall be distributed by noon on the preceding Tuesday.

In the event any Justice is unable to attend a conference, if possible he shall advise the Chief Justice two days prior to the date of the conference. In addition he shall submit a written vote setting forth his decisions on matters to be discussed at the conference.

3. The Chief Justice shall preside over all matters on which he sits. If the Chief Justice is not sitting on that case, the member of the Court with the shortest time to serve shall be the Acting Chief Justice for that case.

4. In those cases in which a justice disqualifies himself, the Chief Justice or Acting Chief Justice shall designate a replacement.

5. These rules may be suspended or waived by order of the Supreme Court.

6. At the first weekly conference in each month, the Clerk shall prepare and circulate among the justices a written report listing all matters which are past due under these rules, and giving the status of all incomplete applications for writs, motions, and other matters requiring the attention of the Court.

7. Orders, as distinguished from memorandum opinions of full opinions, shall not be published.

8. A full written opinion shall be prepared unless the Court shall determine the disposition shall be by order or by memorandum opinion. An example of disposition by order is the following:

IN THE SUPREME COURT OF THE STATE OF MONTANA

No._____

_____

ORDER

_____

PER CURIAM:

The appeal in this case is dismissed for failure of appellant to order or file a transcript within the time allowed by law. See Rules 9(b) and 19(a), M.R.App.Civ.P.

(DATED AND SIGNED)

9. Upon the filing of petitions, applications, or motions with regard to habeas corpus, post-conviction relief, mandamus, prohibition, supervisory control, extraordinary writ, or other requests not pertaining to a pending appeal, the Clerk shall deliver a copy of the same to the Chief Justice. If he deems it necessary, the Chief Justice shall order a response. When the ordered response is filed, the Clerk shall deliver to each Justice a copy of all papers filed and the matter will be placed upon the next Tuesday conference agenda. If the Chief Justice determines that the Court should consider the petition or application before ordering a response, the matter shall be put on the next conference agenda, and the Clerk will be requested to deliver to each Justice a copy of the papers filed.

10. The foregoing rules supersede all prior internal rules of this Court, whether or not specific reference is made to such prior rules.