No. 99-540

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 56

299 Mont. 1

997 P. 2d 751

STATE OF MONTANA,

Plaintiff and Respondent,

v.

SHERRY HALVORSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

Honorable John W. Larson, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Andrew F. Scott, Bulman Law Associates, Missoula, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; John Paulson,

Assistant Attorney General, Helena, Montana

Fred Van Valkenburg, County Attorney, Missoula, Montana

Submitted on Briefs: February 17, 2000

Decided: March 7, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

1. ¶Sherry Halvorson pled guilty to operating a motor vehicle while her license was suspended, after the Fourth Judicial District Court denied her motion to dismiss for lack of particularized suspicion to support a traffic stop. Halvorson now appeals the particularized suspicion ruling. We affirm.

2. ¶The issue is whether the officer who arrested Halvorson had sufficient information to form a particularized suspicion justifying a stop of her vehicle.

## Background

1. ¶On September 12, 1998, Missoula City Police Officer Jamie Keintz arrested Halvorson for driving while under the influence of alcohol. Halvorson's vehicle had a personalized license plate, "RX78SH." Halvorson refused to take a breathalyzer test during the DUI processing, resulting in suspension of her driver's license for six months pursuant to § 61-8-402(4), MCA.

2. ¶Officer Keintz's husband is Missoula County Deputy Sheriff Kelly Keintz. Deputy Keintz was on duty when Officer Keintz arrested Halvorson. He followed the arrest on his radio and later discussed the circumstances of the arrest and the license suspension with his wife.

3. ¶On January 4, 1999, Deputy Keintz observed a vehicle displaying the personalized license plate "RX78SH" being driven by a female on Highway 93 South. Recognizing the license plate and recalling the earlier arrest and suspension, Deputy

Keintz initiated a traffic stop. Halvorson was the driver of the vehicle. Deputy Keintz ticketed her for operating a motor vehicle with her license suspended, in violation of § 61-5-212, MCA.

4. ¶Halvorson moved the Missoula County Justice Court to dismiss the charge against her on grounds that Deputy Keintz did not have sufficient information to form the particularized suspicion of criminal activity necessary to justify an investigative stop of her vehicle. The motion was briefed and was denied without a hearing. Halvorson then pled guilty and appealed to District Court, which likewise denied her motion to dismiss. Reserving her right to appeal the adverse ruling on her motion to dismiss, Halvorson pled guilty. She now appeals on the issue reserved.

## Discussion

1. ¶Did Deputy Keintz have sufficient information to form a particularized suspicion justifying a stop of Halvorson's vehicle?

2. ¶Montana peace officers are authorized to stop any vehicle observed "in circumstances that create a particularized suspicion" that an occupant of the vehicle has committed or is committing an offense. Section 46-5-401, MCA. To establish particularized suspicion, the State must show (1) objective data from which an experienced officer can make certain inferences; and (2) a resulting suspicion that the occupant of the vehicle is or has been engaged in wrongdoing. *State v. Gopher* (1981), 193 Mont. 189, 194, 631 P.2d 293, 296, adopting the analysis of *United States v. Cortez* (1981), 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621.

3. ¶The existence or nonexistence of particularized suspicion is a question of fact which the district court determines from the totality of the circumstances confronting the officer at the time of the stop. *State v. Lafferty*, 1998 MT 247, ¶ 10, 291 Mont. 157, ¶ 10, 967 P.2d 363, ¶ 10. On appeal from the denial of a motion to suppress, this Court reviews factual findings to determine whether they are clearly erroneous and conclusions of law to determine whether they are correct. *Lafferty*, at ¶ 10.

4. ¶Halvorson first asserts that Deputy Keintz did not have sufficient objective data upon which to base his suspicions. She proclaims that without confirming his memory of the earlier suspension of her driver's license, there were no facts for Deputy Keintz to work with in confirming his suspicions. While she concedes that Deputy Keintz could be expected to remember her distinctive personalized license plate and that her driver's license was suspended following her refusal to submit to a breath test, she argues that he had no reason to remember that her refusal occurred

within six months prior to his investigative stop of her.

5. ¶The State points out that Halvorson did not argue in her briefs to either the Justice Court or the District Court that Deputy Keintz had failed to confirm that her license was suspended. In fact, she stated in her briefs that "the only information available to Deputy Keintz was that the registered owner of the vehicle with license plate number 'RX78SH' had a suspended driver's license."

6. ¶This Court considers only those issues raised in the pleadings or otherwise before the district court. *State v. Herrera*, 1998 MT 173, ¶ 17, 289 Mont. 499, ¶ 17, 962 P.2d 1180, ¶ 17. We conclude that the question of whether Deputy Keintz confirmed before he stopped Halvorson that her license was still suspended has been waived for purposes of this appeal.

7. ¶Halvorson also asserts that Deputy Keintz did not have a reasonable resulting suspicion that the occupant of her vehicle was or had been engaged in wrongdoing. This Court has not previously considered whether a peace officer's knowledge that the license of a vehicle's owner is revoked or suspended is sufficient to establish a reasonable suspicion that a person observed driving that vehicle is engaged in wrongdoing.

8. ¶On this point, the State cites *Village of Lake in the Hills v. Lloyd* (Ill. App. Ct. 1992), 591 N.E.2d 524. In that case, the Illinois court concluded that police knowledge that an owner of a vehicle has a revoked driver's license provides a reasonable suspicion to stop the vehicle for purposes of ascertaining the status of the license of the driver. The court stated that common sense dictates that such information, even alone, is enough to provide a constitutional basis for stopping a vehicle. *Village of Lake in the Hills*, 591 N.E.2d at 526.

9. ¶The State also cites *State v. Pike* (Minn. 1996), 551 N.W.2d 919, in which the Supreme Court of Minnesota held that an officer's knowledge that the owner of a vehicle had a revoked driver's license was enough to form the basis of a reasonable suspicion of criminal activity when the officer observed the vehicle being driven. The Minnesota court limited its holding to circumstances in which "the officer remains unaware of any facts which would render unreasonable an assumption that the owner is driving the vehicle." *Pike*, 551 N.W.2d at 922.

10. ¶We agree with and adopt the reasoning of the Supreme Court of Minnesota. In the present case, Deputy Keintz observed that the driver of Halvorson's vehicle was a woman who matched the information he had about Halvorson. Deputy Keintz had no reason to believe that Halvorson was not the driver of her vehicle at the time he made the investigative stop. We hold that Deputy Keintz had sufficient information to justify the investigative stop of Halvorson's vehicle. The District Court's ruling on

the motion to dismiss and Halvorson's conviction are therefore affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER