No. 05-658

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT  181

CITY OF BILLINGS,

       Plaintiff and Respondent,

  v.

ALMA COSTA,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 05B384
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Josh Mirel, Office of Public Defender, Billings, Montana

       For Respondent:

       Hon. Mike McGrath, Attorney General; Jim Wheelis,
Assistant Attorney General, Helena, Montana

       Brent Brooks, Billings City Attorney; Curtis Bevolden,
Deputy City Attorney, Billings, Montana

Submitted on Briefs:  July 12, 2006

Decided:   August 8, 2006

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1	Alma Costa appeals from the judgment entered by the Thirteenth Judicial District Court, Yellowstone County, affirming the Billings Municipal Court and remanding for imposition of sentence. We affirm.

¶2	The issues on appeal are:

¶3	1. In light of the District Court's remand to the Municipal Court, does this Court have jurisdiction over Costa's appeal?

¶4	2. Did the District Court err in affirming the Municipal Court's determination that an officer had particularized suspicion to stop the vehicle Costa was driving based on information of an arrest warrant for the vehicle's registered owner and his observation that, like the registered owner, Costa was female?

## BACKGROUND

¶5	Costa initially pled guilty in the Billings Municipal Court to the misdemeanor offenses of operating a motor vehicle without liability insurance and driving a motor vehicle while her license was suspended. The Municipal Court subsequently granted her motion to withdraw her guilty plea and appointed counsel. Costa then moved to suppress evidence, and the Municipal Court held a hearing at which an officer testified he stopped the vehicle Costa was driving upon learning, via his in-car computer, of an arrest warrant for the vehicle's registered owner. At the end of the hearing, the Municipal Court orally denied Costa's motion. Noting the officer had observed that the gender of the registered owner matched the gender of the vehicle's occupant, the court determined the officer had particularized

2

suspicion to stop the vehicle for the purpose of learning whether Costa, the vehicle's occupant, was the registered owner for whom an arrest warrant was outstanding.

¶6 Subsequently, Costa pled nolo contendere to both misdemeanor charges, reserving the right to appeal from the denial of her suppression motion. The Municipal Court sentenced her and, upon Costa's motion pursuant to Rule 7(b) of the Montana Uniform Municipal Court Rules of Appeal to District Court (U.M.C.R.App.), stayed the sentence pending appeal. Costa appealed to the District Court, which affirmed the Municipal Court and remanded for "imposition of sentence." Costa now appeals to this Court.

## STANDARD OF REVIEW

¶7 As did the District Court, we review a trial court's denial of a suppression motion based on a finding of particularized suspicion to determine whether that finding is clearly erroneous and whether the trial court's conclusions of law are correct. *See State v. Schulke*, 2005 MT 77, ¶ 10, 326 Mont. 390, ¶ 10, 109 P.3d 744, ¶ 10 (citation omitted).

## DISCUSSION

¶8 *1. In light of the District Court's remand to the Municipal Court, does this Court have jurisdiction over Costa's appeal?*

¶9 As a threshold matter, we observe the District Court's remand to the Municipal Court for "imposition of sentence"—combined with Costa's appeal to this Court—raises jurisdictional issues that we may address *sua sponte*. *See State v. Reeder*, 2004 MT 244, ¶ 4, 323 Mont. 15, ¶ 4, 97 P.3d 1104, ¶ 4 (citation omitted). If the District Court's order containing the remand is not a "final judgment," this Court lacks jurisdiction. *See* Rule 1(d), M.R.App.P.; Section 46-20-104(1), MCA; *Reeder*, ¶ 7 (citations omitted); *State v. Diesen*,

3

1998 MT 163, ¶¶ 3-4, 290 Mont. 55, ¶¶ 3-4, 964 P.2d 712, ¶¶ 3-4 (citations omitted). By the same token, without a "final judgment"—including sentencing—in the Municipal Court, Costa's appeal to the District Court would have been premature and the District Court—as well as this Court—would lack jurisdiction over the appeal. *See* Rule 5(b)(2), U.M.C.R.App.; § 46-20-104(1), MCA; § 46-1-202(11), MCA; *Diesen*, ¶ 3.

¶10    The District Court's remand for "imposition of sentence" suggests that sentence had not yet been imposed and, therefore, the Municipal Court had not entered "final judgment." In this regard, we note the District Court did not mention any sentence in its recitation of the background of the case. As stated above, however, the record—including a handwritten sentence on a document entitled "Billings Municipal Court Docket," the Municipal Court judge's signed certification of transcript of the proceedings which set forth the sentence, and the Municipal Court's order staying the sentence "imposed by this Court on March 17, 2005"—reflects that the Municipal Court sentenced Costa before she appealed to the District Court. Thus, the remand for "imposition" of sentence is both unnecessary and a nullity because sentence already had been imposed, and the District Court had jurisdiction over Costa's appeal from a "final judgment."

¶11    The District Court, however, may have intended its order remanding "for imposition of sentence" to mean that the case was remanded for the Municipal Court to preside over execution of the previously imposed, and stayed, sentence. In this regard, § 46-20-706, MCA, provides that when a criminal appeal to this Court terminates, "the supreme court shall remand the cause with proper instruction together with the opinion of the court" and "all

4

orders necessary to carry the judgment into effect must be made by the court to which the cause is remanded." Because nothing in Title 3, Chapter 6 or Title 46, Chapter 17, Part 4, of the Montana Code Annotated provides otherwise, § 46-20-706, MCA, also applies when an appeal from a municipal court terminates, either in a district court or in this Court. *See* § 46-17-401, MCA.

¶12 We have not previously had occasion to interpret whether § 46-20-706, MCA, requires a formal remand upon an appellate court's order affirming the trial court's judgment. We do so only reluctantly here, because of the jurisdiction-related question regarding the finality of the District Court's judgment.

*¶13* This Court generally uses the term "remand" to mean we are returning a case to the court from which the appeal has been taken with instructions to proceed in accordance with our disposition of the issues addressed on appeal—a disposition that ordinarily includes a determination that the court has, in some way, erred. In such cases, we usually state we reverse (at least in part) and remand for further proceedings consistent with our opinion or we provide particular instructions to be carried out. *See, e.g.*, *State v. Golie*, 2006 MT 91, ¶ 31, 332 Mont. 69, ¶ 31, 134 P.3d 95, ¶ 31; *State v. Ruiz*, 2004 MT 135, ¶ 19, 321 Mont. 357, ¶ 19, 91 P.3d 565, ¶ 19. In practice, we do not remand to the district court for execution of a previously imposed, and affirmed, criminal sentence—even when the sentence has been stayed pending appeal. *See, e.g.*, *State v. Myrhe*, 2005 MT 278, ¶¶ 6, 25, 329 Mont. 210, ¶¶ 6, 25, 124 P.3d 126, ¶¶ 6, 25; State *v. Grindheim*, 2004 MT 311, ¶¶ 15, 58, 323 Mont. 519, ¶¶ 15, 58, 101 P.3d 267, ¶¶ 15, 58.

¶14 BLACK'S LAW DICTIONARY 1319 (8th ed. 2004) defines a "remand" as "[t]he act or an instance of sending something (such as a case, claim, or person) back for further action." Of course, after this Court has entered an opinion affirming or reversing a trial court's judgment and remittitur has issued, the Clerk of this Court returns the record to the court from which appeal has been taken. This physical return of a case—which presumably also occurs after an appeal from a municipal court to a district court—appears to be the meaning intended by the Legislature's use of the word "remand" in § 46-20-706, MCA. Moreover, Montana courts have long carried out affirmed judgments without additional instruction from this Court; thus, it appears that an opinion or order affirming judgment—without more—is sufficiently "proper instruction" for a court to act, as contemplated in § 46-20-706, MCA. Here, absent any argument to the contrary and recognizing the matter has not been raised and briefed, we conclude the Legislature did not intend to require an appellate court to formally "remand"—as this Court uses the term—in cases involving affirmed criminal judgments. On that basis, we further conclude it is unnecessary for an appellate court to direct that a stay pending appeal be lifted, once the defendant has exhausted his or her right to appeal and the underlying judgment and sentence have been affirmed.

¶15 The Municipal Court stayed Costa's sentence pending appeal—a stay that presumably encompasses Costa's appeal to this Court. Thus, the District Court's remand was, at best, premature. Moreover, in light of our construction of § 46-20-706, MCA, for purposes of this case, we conclude formal remand was not necessary in any event.

¶16 Having determined the District Court's remand was of no immediate consequence—

6

regardless of whether it was intended for imposition or execution of sentence—we conclude the remand has no effect on the "final judgment" status of the Municipal Court's judgment and sentence or the District Court's order affirming the Municipal Court. Therefore, we have jurisdiction over this appeal.

¶17    *2. Did the District Court err in affirming the Municipal Court's determination that an officer had particularized suspicion to stop the vehicle Costa was driving based on information of an arrest warrant for the vehicle's registered owner and his observation that, like the registered owner, Costa was female?*

¶18    Particularized suspicion is established when a peace officer has objective data from which he or she can make certain inferences and a suspicion resulting from those inferences that the person to be stopped is, or has been, engaged in some wrongdoing. *Myrhe*, ¶ 11 (citation omitted). In affirming the Municipal Court, the District Court reasoned, in part, that the officer had particularized suspicion based on his discovery that an arrest warrant existed for the female registered owner of the vehicle, and noted the officer's observation that Costa, the driver, was a female. The District Court also agreed with the City of Billings' position that the officer could not have determined the driver was not the registered owner until he stopped the vehicle.

¶19    On appeal to this Court, Costa argues that the officer lacked particularized suspicion because, before stopping the vehicle based on the arrest warrant for the registered owner, he failed to determine whether the registered owner actually was inside. She notes the officer did not obtain a physical description of the registered owner and compare it with Costa's appearance before initiating the stop. In this regard, she relies heavily on *State v. Fisher*, 2002 MT 335, 313 Mont. 274, 60 P.3d 1004, in which we determined a district court erred in

denying a suppression motion. There, an officer stopped the defendant's vehicle after he received an anonymous report of three or four people on foot carrying a handgun and followed the vehicle as it drove in a circuitous route. *Fisher*, ¶¶ 3-4. On appeal, we reasoned, in part, that nothing suggested the descriptions in the uncorroborated anonymous report matched the defendant or the other occupant of his car, and the officer did not observe any violations of traffic or vehicle registration laws before stopping the vehicle. *Fisher*, ¶¶ 13-21. *Fisher* did not involve an officer stopping a vehicle after receiving information of an arrest warrant for the vehicle's registered owner and, thus, is inapposite here.

¶20 Costa also asserts the officer acted solely based on a "hunch." In support, she advances cases from other courts, none of which concern a traffic stop based on information that an arrest warrant existed for the vehicle's registered owner.

¶21 In *State v. Halvorson*, 2000 MT 56, ¶¶ 13-16, 299 Mont. 1, ¶¶ 13-16, 997 P.2d 751, ¶¶ 13-16, we addressed whether an officer has particularized suspicion to stop a vehicle when he or she knows the vehicle's registered owner has a revoked or suspended license. We held that an officer may rationally infer the driver of a vehicle is the vehicle's registered owner unless the officer is aware of any facts that would render that inference unreasonable. *Halvorson*, ¶¶ 15-16 (citation omitted). Acknowledging *Halvorson*, Costa points to the officer's testimony in this case that, on numerous occasions, he had come across circumstances in which a registered owner would lend his or her vehicle to another person to drive. Costa contends this testimony establishes the officer was aware of facts rendering unreasonable his inference that she was the registered owner. While there can be no dispute

8

that vehicle owners sometimes lend their vehicles to others, that fact does not render the officer's inference—that the vehicle being driven by Costa, a woman, was being driven by the female registered owner—unreasonable. Consequently, we hold the District Court did not err in affirming the Municipal Court's denial of Costa's motion to suppress.

¶22  Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS