No. 05-411

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 291

| | | |
|---|---|---|
| STATE OF MONTANA, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | O P I N I O N |
| | ) | A N D |
| v. | ) | O R D E R |
| | ) | |
| MARK BONAMARTE, | ) | |
| | ) | |
| Defendant and Appellant. | ) | |

¶1 Mark Bonamarte (Bonamarte) appeals from an opinion and order issued by the Eighteenth Judicial District Court, Gallatin County, that affirmed his conviction in Municipal Court for partner or family member assault in violation of § 45-5-206, MCA, but remanded to the Municipal Court on the amount of restitution.

¶2 The City of Bozeman charged Bonamarte with partner or family member assault in violation of § 45-5-206, MCA. The Bozeman Municipal Court held a jury trial, and the jury found Bonamarte guilty on April 30, 2004. The Municipal Court imposed a one-year sentence with all but thirty days suspended and ordered Bonamarte to pay fines and costs. The Municipal Court also ordered conditional restitution—Bonamarte would be required to pay restitution only if the State requested it within sixty days and the court held a hearing. Bonamarte did not wait, however, for the State to request restitution or for the sixty-day period to expire. He already had filed notice of his appeal with the

Municipal Court by the time the State requested restitution on May 12, 2004. The Municipal Court transferred the record to District Court, and the parties proceeded to file appellate briefs in District Court.

¶3 Bonamarte argued in his opening brief on appeal to the District Court that the Municipal Court's restitution order should be stricken because the court had failed to hear evidence on restitution costs and had failed to "specify the amount, method and time of payment" in its restitution order. The State responded that the Municipal Court had not had the benefit of this Court's May 18, 2004, decision in *State v. Eixenberger*, 2004 MT 127, ¶ 22, 321 Mont. 298, ¶ 22, 90 P.3d 453, ¶ 22, that held that a district court must specify the amount of restitution in the restitution order pursuant to § 46-18-244(1), MCA. The State conceded that "any error [in the restitution order] should be remanded for a new hearing to determine, according to the statutory requirements for restitution, what is owed and whether the Defendant has the ability to pay."

¶4 The District Court agreed and issued the following order:

WHEREFORE, IT IS HEREBY ORDERED:

1 That the Municipal Court's judgment and sentence in the above captioned matter is AFFIRMED; and

2. That the issue of restitution costs to be paid to the victim is hereby REMANDED for a determination of the total amount to be paid, including the time and method of payment.

¶5 The District Court purported to affirm the judgment and sentence of the Municipal Court; however, it remanded the restitution portion of Bonamarte's sentence to the

2

Municipal Court. Bonamarte's sentence appears to be unresolved, thus, we must address, *sua sponte*, whether we have proper jurisdiction over this case. *State v. Reeder*, 2004 MT 244, ¶ 4, 323 Mont. 15, ¶ 4, 97 P.3d 1104, ¶ 4.

¶6 Section 46-20-104, MCA, governs this Court's jurisdiction over Bonamarte's appeal. This section provides that "[a]n appeal may be taken by the defendant only from a final judgment of conviction and orders after judgment which affect the substantial rights of the defendant." Section 46-20-104(1), MCA. This same language limits the District Court's jurisdiction over Bonamarte's appeal from the Municipal Court. U. M. C. R. App. 5(b)(2) ("The scope of appeal by the defendant [from a municipal court judgment] is governed by § 46-20-104, MCA."). We have noted that in order for a judgment and order to constitute a "final judgment of conviction," pursuant to § 46-20-104, MCA, the judgment must impose a final sentence. *City of Billings v. Costa*, 2006 MT 181, ¶¶ 9-10, 333 Mont. 84, ¶¶ 9-10, 140 P.3d 1070, ¶¶ 9-10.

¶7 Bonamarte's sentence was not yet final when he appealed to the District Court. The Municipal Court's sentencing order imposed restitution on Bonamarte only if the State requested it within sixty days of the order and the court held a hearing on costs. The State requested restitution within sixty days and noted that Bonamarte could request a hearing. Bonamarte appealed his conviction, however, two days before the State had requested restitution and before the Municipal Court could hold the required hearing. The fact that Bonamarte's sentence was pending at the time of his appeal to the District

3

Court prevented Bonamarte from appealing a "final judgment of conviction" under § 46-20-104, MCA. Thus, Bonamarte's appeal to the District Court was premature, and the District Court had no jurisdiction to consider the appeal. *Costa*, ¶ 9.

¶8 Bonamarte cannot cure this jurisdictional defect by ignoring the issue of restitution on appeal to this Court. The record indicates that his sentence is not final. Thus, under § 46-20-104, MCA, no final judgment of conviction exists, and we have no jurisdiction to consider his appeal. *State v. Diesen*, 1998 MT 163, ¶ 4, 290 Mont. 55, ¶ 4, 964 P.2d 712, ¶ 4.

¶9 We note that M. R. App. P. 5(b) handles premature appeals from district courts to this Court by providing that "[a] notice of appeal filed after the oral pronouncement of a decision or sentence but before the entry of the judgment is treated as filed on the day of and after the entry." The Montana Uniform Municipal Rules of Appeal to District Court do not address how the municipal courts should handle a premature appeal. Section 46-17-401, MCA, provides, however, that "[e]xcept as otherwise provided by Title 3, Chapter 6, and . . . [section 46-17-401 through 404], the proceedings and practice in municipal court shall be the same as in district court." *See also City of Missoula v. Shea*, 202 Mont. 286, 298-99, 661 P.2d 410, 416 (1983) (analyzing district court rules of practice to determine whether an appeal bond is required in municipal court pursuant to § 46-17-401). We find no provisions in Title 3, Chapter 6, or in Sections 46-17-401

4

through 404, or in the Montana Uniform Municipal Rules of Appeal to District Court that are contrary to M. R. App. P. 5(b).

¶10    Bonamarte's notice of appeal should be considered, consistent with the intent of M. R. App. P. 5(b), as effectively filed on the day of and after the Municipal Court entered its final judgment—an event that likely has passed, but that we cannot verify from the record. Bonamarte's right to appeal should not be prejudiced due to the District Court's error in taking premature jurisdiction over Bonamarte's case and attempting to decide it in piecemeal fashion.

¶11    Bonamarte's appeal being premature,

¶12    IT IS HEREBY ORDERED that this appeal is DISMISSED WITHOUT PREJUDICE.

¶13    The Clerk of Court shall mail a copy of this Order to all counsel of record.

DATED this 8th day of November, 2006.

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART