
DA 07-0291

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 243N

CITY OF MISSOULA,

        Plaintiff and Appellee,

  v.

RICKY D. SIMON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                      In and For the County of Missoula, Cause No. DC 06-411
                      Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Richard R. Buley; Tipp & Buley, Missoula, Montana

        For Appellee:

        Hon. Mike McGrath, Montana Attorney General; David Ole Olson,
        Assistant Attorney General, Helena, Montana

        Fred Van Valkenburg, Missoula County Attorney; Andrew Scott, Deputy
        County Attorney, Missoula, Montana

                        Submitted on Briefs:  June 4, 2008

                                    Decided:  July 8, 2008

Filed:

                                  _____
                                     Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Ricky Simon (Simon) appeals an order of the Fourth Judicial District Court, Missoula County, which affirmed the Missoula Municipal Court's denial of Simon's motion to suppress. We affirm.

¶3 Missoula police officer Tim Richtmyer (Richtmyer) was patrolling in Missoula on November 12, 2005, at approximately 11:25 p.m. when he allegedly observed Simon's vehicle traveling in the oncoming lane without its headlights on. Officer Richtymer stopped the vehicle, and upon speaking with Simon observed evidence of intoxication. Simon was arrested for driving under the influence of alcohol and driving after nightfall without his headlights on.

¶4 Simon moved the municipal court to suppress all evidence Richtmyer obtained as a result of the traffic stop. Simon alleged that Richtmyer lacked particularized suspicion for the stop, claiming an 8 mm videotape from the on-board camera in Richtmyer's patrol car showed that Simon's headlights were on the entire time that Richtmyer had observed

2

Simon's vehicle. The municipal court held a hearing on the motion, at which Richtmyer testified he had witnessed Simon turn on the headlights while Simon was driving towards him. The municipal court then viewed the videotape, and concluded that, "although it does not provide an absolutely clear answer to the issue, . . . the sudden increase in the glare of lights coming down Russell shortly after the intersection is due to an approaching vehicle turning on its lights . . . ." Accordingly, the municipal court agreed Richtmyer had particularized suspicion to stop Simon and denied Simon's motion to suppress.

¶5    Simon pled nolo contendere, reserving the right to appeal the denial of his suppression motion. Simon appealed to the District Court, which reviewed the videotape and determined that it supported Richtmyer's testimony and the municipal court's conclusion. The District Court explained: "When one looks at the videotape numerous times, one is able to see a set of headlights appear suddenly . . ., giving Officer Richtmyer grounds to pull the vehicle over. Once the driver, Ricky Simon, is approached the evidence of alcohol consumption becomes evident." Simon appeals.

¶6    We review a trial court's denial of a suppression motion based on a finding of particularized suspicion to determine whether that finding is clearly erroneous and whether the trial court's conclusions of law are correct. *City of Billings v. Costa*, 2006 MT 181, ¶ 7, 333 Mont. 84, ¶ 7, 140 P.3d 1070, ¶ 7. Findings of fact are clearly erroneous when they are not supported by substantial credible evidence, the district court has misapprehended the effect of the evidence, or a review of the record leaves this Court

3

with the conviction that a mistake has been made. *State v. Graham*, 2007 MT 358, ¶ 10, 340 Mont. 366, ¶ 10, 175 P.3d 885, ¶ 10. The trier of fact is in the best position to determine the credibility of witnesses and the weight to be given to their testimony, and its determination with regard to disputed questions of fact and credibility will not be disturbed on appeal. *State v. Rennaker*, 2007 MT 10, ¶ 16, 335 Mont. 274, ¶ 16, 150 P.3d 960, ¶ 16.

¶7 Simon argues that the videotape "clearly" shows that his headlights were on as he approached Richtmyer's vehicle. However, Richtmyer testified to the contrary, and both the municipal court and the District Court concluded, after reviewing the videotape and taking testimony from Richtmyer and Simon, that Simon's headlights were initially off. We will not substitute our judgment for the trier of fact and conclude that the District Court's finding is supported by substantial evidence.

¶8 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶9     We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART