

DA 08-0436

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 128

STATE OF MONTANA,

Plaintiff and Appellee,

v.

SHAWN MICHAEL NEIL,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 2007-460
Honorable Ingrid Gustafson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Brad L. Arndorfer, Arndorfer Law Firm, P.C., Billings, Montana

For Appellee:

Hon. Steve Bullock, Montana Attorney General, Mardell Ployhar,
Assistant Attorney General, Helena, Montana

Dennis Paxinos, Yellowstone County Attorney, David Carter, Deputy
County Attorney, Billings, Montana

Submitted on Briefs: April 1, 2009

Decided: April 14, 2009

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Shawn Michael Neil (Neil) appeals from his felony conviction for driving a motor vehicle under the influence of alcohol or drugs (DUI) in the Thirteenth Judicial District Court, Yellowstone County.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2    At approximately 2:00 a.m. on May 25, 2007, Deputy J. Ellis (Deputy Ellis) of the Yellowstone County Sheriff's Office was driving in a marked patrol car on a public roadway in the Hillside Village Trailer Park in Yellowstone County.  Deputy Ellis noticed a person driving a vehicle with license plate number "3C-9387A" affixed to the rear of the vehicle in plain view.  Deputy Ellis ran the license plate number through a database and learned that the registered owner of the vehicle, Neil, had a suspended and/or revoked license.

¶3    Deputy Ellis subsequently conducted a traffic stop of the vehicle.  Prior to activating his emergency lights to initiate the stop, Deputy Ellis was unsure if he saw one or two occupants in the vehicle.  Moreover, prior to making face-to-face contact with the occupants, Deputy Ellis was unable to determine their gender, race, or any other obvious characteristics.

¶4    Once Deputy Ellis stopped the vehicle and made direct contact with the occupants, he confirmed that Neil was driving while another man named Jeremy Weakely was riding as a passenger.  During the stop, Deputy Ellis detected the smell of a strong odor of alcoholic beverage emanating from the vehicle.  Deputy J. Smith (Deputy Smith), also with the Yellowstone County Sheriff's Office, soon responded and assisted Deputy Ellis

in conducting a DUI investigation. Neil was subsequently charged with DUI, driving while license is suspended or revoked, and operating a motor vehicle without proof of liability protection.

¶5 Neil subsequently filed a motion to suppress the evidence gathered from the traffic stop. In his motion, Neil argued that: (1) Deputy Ellis ran an improper license plate check on the vehicle he was operating and lacked particularized suspicion for the stop; (2) Deputy Ellis' traffic stop constituted an impermissible fishing expedition; and (3) Deputy Ellis did not observe anything which would have caused him to believe that Neil was engaged in any wrongdoing and that the traffic stop was therefore unjustified.

¶6 The District Court denied Neil's motion. Relying primarily upon *State v. Halvorson*, 2000 MT 56, 229 Mont. 1, 997 P.2d 751, the District Court reasoned that Deputy Ellis was not required to have particularized suspicion to run the license plate check on Neil's car and that the subsequent traffic stop was lawful. After the District Court denied his motion, Neil pled guilty to felony DUI and received a 5 year sentence, reserving his right to appeal the denial of his motion to suppress. Neil now appeals the District Court's decision, presenting the following issue:

¶7 *Did the District Court err in denying Neil's motion to suppress?*

## STANDARD OF REVIEW

¶8 We review a district court's denial of a motion to suppress to determine whether its findings of fact are clearly erroneous and whether its interpretation and application of the law is correct. *State v. Bieber*, 2007 MT 262, ¶ 20, 339 Mont. 309, 170 P.3d 444.

## DISCUSSION

3

¶9      In denying Neil's motion, the District Court reasoned that the license plate check run by Deputy Ellis did not qualify as a search under the Fourth Amendment, and thus did not evoke Neil's constitutional protections against unlawful searches.  From this point, the District Court further reasoned under *Halvorson* that Deputy Ellis had particularized suspicion to stop Neil because:  (1) the license plate check showed that Neil had a suspended/revoked license; and (2) Deputy Ellis was unaware of any facts which would render unreasonable the assumption that Neil was the person driving the vehicle at the time of the stop.

¶10     On appeal, Neil concedes that there is no expectation of privacy in a license plate. However, he argues that an officer must have some reasonable inference that the vehicle's owner is in fact driving the vehicle before the vehicle can be lawfully stopped. Neil asserts it would be unreasonable to allow officers to stop a vehicle every time a license plate shows that the owner of the vehicle has a suspended or revoked license. Instead, Neil argues, the officer must be able to make some kind of identification before he can lawfully stop a vehicle based solely on the results of a license plate check.

¶11     In *State v. Thomas*, 2008 MT 206, 344 Mont. 150, 186 P.3d 864, we held that license plates contain public information under Montana law and that individuals have no expectation of privacy in a license plate which is knowingly exposed to the public. *Thomas*, ¶ 13.  In *City of Billings v. Costa*, 2006 MT 181, 333 Mont. 84, 140 P.3d 1070, we stated that "an officer may rationally infer the driver of a vehicle is the vehicle's registered owner unless the officer is aware of any facts that would render that inference unreasonable." *Costa*, ¶ 21 (citing *Halvorson*, ¶¶ 15-16).

4

¶12 Here, it is apparent that Neil knowingly exposed his license plate to the public. Thus, it did not constitute a search for Deputy Ellis to run a check on Neil's license plate. Second, Neil does not allege that Deputy Ellis was aware of any facts which would render unreasonable the assumption that Neil was the person driving the vehicle at the time of the stop. Thus, under *Thomas* and *Costa*, the stop was valid.

## CONCLUSION

¶13 For these reasons, we hold that the District Court did not err in denying Neil's motion to suppress and affirm Neil's conviction.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS