JUSTICE NELSON,
dissenting.
¶24 I dissent. Regardless of whether a defendant admits his guilt to the charges, enters an Alford plea,[1] or is found guilty by a jury, he is entitled to the benefit of any new rule of criminal procedure that is announced before his conviction becomes final.
¶25 It is now beyond dispute that “a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final.” Griffith v. Kentucky, 479 U.S. 314, 328, 107 S. Ct. 708, 716 (1987); accord State v. Egelhoff, 272 Mont. 114, 125, 900 P.2d 260, 267 (1995), rev’d in part on other grounds, Montana v. Egelhoff, 518 U.S. 37, 116 S. Ct. 2013 (1996). “[I]t is the nature of judicial review that precludes us from ‘[sjimply fishing one case from the stream of appellate review, using it *60 as a vehicle for pronouncing new constitutional standards, and then permitting a stream of similar cases subsequently to flow by unaffected by that new rule.’ ” Griffith, 479 U.S. at 323, 107 S. Ct. at 713 (quoting Mackey v. United States, 401 U.S. 667, 679, 91 S. Ct. 1160, 1173 (1971) (Harlan, J., concurring in the judgment)). Thus, “once a new rule is applied to the defendant in the case announcing the rule, evenhanded justice requires that it be applied retroactively” to all defendants whose cases are pending on direct review or not yet final. Teague v. Lane, 489 U.S. 288, 300, 109 S. Ct. 1060, 1070 (1989) (plurality opinion); Griffith, 479 U.S. at 328, 107 S. Ct. at 716; Egelhoff, 272 Mont. at 125-26, 900 P.2d at 267. It follows, therefore, as stated at the outset, that a criminal defendant is entitled to take advantage of any new rule of criminal procedure that is announced before his conviction becomes final.
¶26 Our decision in State v. Goetz, 2008 MT 296, 345 Mont. 421, 191 P.3d 489, was announced after Andrews entered his Alford plea but before he was sentenced. At that point, Andrews had not been “convicted” of any crime, nor was his case final. See State v. Bonamarte, 2006 MT 291, ¶ 6, 334 Mont. 376, 147 P.3d 220 (a “final judgment of conviction” does not exist until the final sentence is imposed); State v. Tomaskie, 2007 MT 103, ¶ 12, 337 Mont. 130, 157 P.3d 691 (a defendant is not “convicted” until sentence is imposed). Andrews then promptly moved to take advantage of our decision in Goetz. Under these circumstances, we must apply the retroactivity rules set forth in Griffith, 497 U.S. at 328, 107 S. Ct. at 716, which we adopted in Egelhoff, 272 Mont. at 125, 900 P.2d at 267. Evenhanded justice requires that Goetz be applied retroactively to all defendants whose cases are pending on direct review or not yet final. Teague, 489 U.S. at 300, 109 S. Ct. at 1070; Griffith, 479 U.S. at 328, 107 S. Ct. at 716; Egelhoff, 272 Mont. at 125-26, 900 P.2d at 267.
¶27 In my view, Andrews demonstrated “good cause” under § 46-16-105(2), MCA, to withdraw his plea. By definition, “good cause” includes the principle that all defendants whose convictions are not yet final are entitled to the benefit of a newly announced rule of criminal procedure. Andrews should be allowed to withdraw his plea and take his chances at a trial where our Goetz decision will be imposed. The Court errs in holding to the contrary.
¶28 I dissent.

 North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160 (1970).