No. 97-389

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 259

296 Mont. 335

989 P.2d 361

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DALE EDWARD SIMPSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Mineral,

The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

**For Appellant:**

Chad Wright, Montana Appellate Defender Office, Helena, Montana

**For Respondent:**

Hon. Joseph P. Mazurek, Attorney General; John Paulson,

Assistant Attorney General, Helena, Montana

M. Shaun Donovan, Mineral County Attorney, Superior,

Montana

Submitted on Briefs: October 14, 1999

Decided: October 25, 1999G5

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. The Fourth Judicial District Court, Mineral County, accepted guilty pleas from Dale Edward Simpson (Simpson) to charges of felony assault and intimidation. The court orally pronounced sentence and its subsequent written judgment included conditions not orally imposed at the sentencing hearing. Simpson appeals. We reverse and remand.**

**¶2. The issue is whether the conditions included in the District Court's written judgment, but not recited at the oral pronouncement of sentence, are invalid.**

BACKGROUND

**¶3. This case arose out of a July 10, 1996, incident near the Henderson exchange on Interstate 90 in Mineral County, Montana. The State of Montana (State) originally charged Simpson by information with three felony offenses: assault, intimidation and criminal endangerment. According to the charging document, Simpson assaulted a five-year-old girl, threatened her mother that he would break the girl's neck, and chased both victims near and/or across the interstate highway where they could have been injured or killed by oncoming traffic. He ultimately pled guilty to felony assault and intimidation.**

**¶4. After Simpson entered his guilty pleas, the court orally pronounced sentence committing him to the Montana State Prison for a total of 30 years, including 20 years for being a persistent felony offender, with 10 years suspended. The court also recommended that Simpson be required to complete a chemical dependency**

program before being eligible for parole and that appropriate measures be taken to prevent him from assaulting prison staff. The written judgment imposed the same prison sentence, but also imposed 20 conditions on the suspended sentence which were not articulated in the oral pronouncement of sentence. Simpson appeals.

## DISCUSSION

¶5. Are the conditions included in the District Court's written judgment, but not recited at the oral pronouncement of sentence, invalid?

¶6. In *State v. Lane*, 1998 MT 76, ¶ 40, 288 Mont. 286, ¶ 40, 957 P.2d 9, ¶ 40, we held that the oral pronouncement of a criminal sentence is the "legally effective sentence and valid, final judgment[;]" the written judgment is merely evidence of the oral sentence. *Lane*, ¶ 48. Moreover, in the event of conflict between the oral pronouncement of sentence and the written judgment and sentence, the oral pronouncement controls. *Lane*, ¶ 48.

¶7. The appeal in the present case was pending at the time *Lane* was decided. Thus, the threshold question is whether *Lane* is applicable to this case. The State concedes that, under *State v. Egelhoff* (1995), 272 Mont. 114, 900 P.2d 260, *rev'd on other grounds,* 518 U.S. 37 (1996), *Lane* may be retroactively applied to cases such as this one in which the appeal was pending when *Lane* was decided. Additionally, in *State v. Waters,* 1999 MT 229, ¶ 20, ___ P.2d ___, ¶ 20, 56 St.Rep. 901, ¶ 20, we specifically overruled *State, City of Bozeman v. Peterson* (1987), 227 Mont. 418, 739 P.2d 958, and *State v. Redding* (1984), 208 Mont. 24, 675 P.2d 974, to the extent they contradicted our holding in *Egelhoff* on the retroactive application of new rules of law in criminal cases.

¶8. The only dispute in this case is whether a sufficient conflict exists between the oral and written sentences to render the written sentence invalid. In *Lane,* the sentence orally imposed on the defendant included a condition that he complete sex offender treatment before becoming eligible for parole, whereas the written sentence omitted that condition. We approved the sentencing court's later correction of the written sentence to match the oral sentence by means of a *nunc pro tunc* order. *Lane*, ¶ 48. In the present case, as in *Waters*, we have the opposite situation--the written sentence includes conditions not included in the sentence imposed orally.

¶9.The State argues that the sentence orally imposed upon Simpson was ambiguous and that the written sentence merely clarified it. We were persuaded by a similar argument in *Waters* but only to the extent that, at the oral sentencing, the defendant was meaningfully apprised of--and granted an opportunity to respond to--some of the conditions later imposed in the written sentence. *Waters*, ¶¶ 31-32. We rejected the argument, however, insofar as it related to conditions later imposed in the written sentence of which the defendant received no notice at the oral sentencing. *Waters*, ¶¶ 33-34.

¶10.Here, the District Court orally imposed a sentence which did not follow that recommended in either the plea agreement or the presentence investigation, the latter of which included conditions on any suspended sentence. Instead, it pronounced the total prison sentence, suspended part of that sentence and made two additional recommendations. Thus, unlike *Waters*, this case does not involve an oral pronouncement of sentence which put Simpson on notice that the court intended to impose additional conditions from a plea agreement or presentence investigation.

¶11.The State argues that no direct conflict exists between the oral pronouncement of sentence and the written judgment because the oral pronouncement was silent regarding any conditions of Simpson's suspended sentence and the written judgment merely filled in the blanks, so to speak, thereby clarifying the ambiguity created by the absence of conditions in the oral pronouncement. Its argument is apparently premised on the notion that sentencing courts are not authorized to suspend a sentence without conditions. Indeed, the State posits that "every suspension of sentence is necessarily conditional . . . . " We disagree.

¶12.First, we conclude that a direct conflict exists between a suspended sentence without conditions and a suspended sentence with numerous conditions attached of which the defendant had no notice. We further conclude that no ambiguity existed in the District Court's oral pronouncement of sentence in the present case: a term of imprisonment was imposed, a portion was suspended and two recommendations were made. Nothing could be more clear. In fact, the record reflects that the court inquired of counsel at the end of its oral pronouncement whether there were any questions and the prosecutor responded in the negative.

¶13.Finally, the State's proposition that every suspended sentence is necessarily conditional is simply incorrect. Section 46-18-201, MCA (1995), sets forth the

sentences which may be imposed on a person "found guilty of an offense upon a verdict or a plea of

guilty . . . . " The relevant portions of that statute provide that the court may "suspend execution of sentence for a period . . . . The sentencing judge may impose on the defendant any reasonable restrictions or conditions during the period of suspended sentence." Section 46-18-201(1)(b), MCA (1995). The structure and language used in these portions of § 46-18-201(1)(b), MCA (1995), make it clear that both the suspension of sentence and the imposition of conditions on such a suspended sentence are discretionary with the sentencing court. Thus, while it may be uncommon for a court to suspend part or all of a sentence without attaching conditions, it is within the court's discretion to do so.

¶14. For these reasons, we hold that the District Court's oral pronouncement of sentence in this case was unambiguous and that its subsequent written judgment directly conflicted with the oral sentence imposed. As a result, pursuant to *Lane*, we further hold that the conditions set forth in the written judgment are invalid and the written judgment must be conformed to the oral pronouncement of sentence.

¶15. Reversed and remanded for further proceedings consistent with this opinion.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ JIM REGNIER

Chief Justice J. A. Turnage dissenting.

¶16 The conditions imposed in the written judgment as to Simpson's suspended sentence do not directly conflict with the sentence orally imposed upon him at the sentencing hearing. Furthermore, the imposition of a ten-year suspended prison sentence with

absolutely no terms governing that suspension is senseless--especially where, as here, the defendant has a history of unemployment and transience. I would rule that the sentence orally pronounced was ambiguous and remand for resentencing as we did in *Waters*.

/S/ J. A. TURNAGE