No. 03-438

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 167

STATE OF MONTANA,

   Plaintiff and Respondent,

 v.

CRAIG McDANOLD,

   Defendant  and Appellant.

APPEAL FROM: District Court of the Seventh  Judicial District,
      In and For the County of Dawson, Cause No. DC 01–011
      Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     R. W. Heineman, Attorney at Law, Wibaux, Montana

   For Respondent:

     Honorable Mike McGrath, Attorney General; John Paulson,
     Assistant Attorney General, Helena, Montana

     Scott W. Herring, Dawson County Attorney, Glendive, Montana

       Submitted on Briefs:  May 4, 2004

         Decided:  June 29, 2004

Filed:

    —————————————————————————
          Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Craig McDanold pled guilty in the Seventh Judicial District Court, Dawson County, to aggravated kidnapping, assault with a weapon by accountability, obstruction of justice and possession of explosives. On appeal, he raises three issues. We affirm in part, vacate in part and remand.

¶2     The issues are:

¶3     1. Did the District Court have authority to order McDanold to pay restitution absent a deferred imposition of sentence?

¶4     2. Did the District Court err in ordering McDanold to pay restitution to Steve Berry's parents and the crime victims compensation fund?

¶5     3. Did the District Court err in denying McDanold's motion to amend the judgment by changing the designation of the offense in Count III of the Amended Information from assault with a weapon to assault with a weapon by accountability?

BACKGROUND

¶6     On November 30, 2000, McDanold met with Lance Deines and two other men in Glendive, Montana, to discuss the recent theft of a safe belonging to Deines. The safe had contained ten grams of cocaine, cash and collector baseball cards. Deines suspected the thief was Steve Berry, who reportedly had come into possession of a quantity of cocaine and had talked to a mutual acquaintance about breaking into Deines' house while Deines was attending a rock concert in North Dakota.

2

¶7 McDanold and another man located Berry and brought him to the back of Deines' house, where they confronted and threatened him, and assaulted him with a baseball bat. Berry admitted he had participated in the theft of the safe. McDanold, Deines and the two other men then forced Berry into Deines' car and drove around Glendive in an attempt to recover the stolen items. McDanold sat next to Berry in the back seat, where he poked Berry with his elbow, hit Berry in the head and burned Berry's hand with a cigarette. Berry eventually helped the men find the safe, but it was broken and empty. Deines then drove the car out of town on Belle Prairie Road. He removed Berry from the back seat and fired a pistol into the air, pointed the pistol at Berry, and threatened him and forced him to beg for his life. Finally, Deines drove everyone back to town, where the men released Berry. This incident is the basis for McDanold's guilty pleas to kidnapping and assault with a weapon by accountability.

¶8 In December of 2000, and with help from an accomplice, Deines kidnapped and killed Berry. McDanold--who was living with Deines at that time--was not present when Deines killed Berry, but Deines told him about the murder later that night. When police officers questioned McDanold about Berry's disappearance, McDanold provided false information. This incident is the basis for McDanold's guilty plea to obstruction of justice.

¶9 During the same month, McDanold and three others used an explosive compound to blow up an old car outside Glendive. This is the basis for McDanold's guilty plea to possession of explosives.

3

¶10   Thus, of the six felony counts with which the State of Montana charged McDanold, he pled guilty to four and two were dismissed pursuant to a plea bargain. A sentencing hearing was held on December 20, 2002. The District Court sentenced McDanold to 10 years in prison for aggravated kidnapping, 15 years for assault with a weapon, 5 years for obstructing justice and 5 years (suspended) for possession of explosives. The prison terms are concurrent and the 5-year suspended sentence is to run consecutively to the prison terms. The court ordered McDanold to pay restitution to the owner of the damaged car and to the crime victims compensation fund and Berry's parents for funeral expenses and other expenses related to his murder. The District Court entered its written judgment on December 27, 2002.

¶11   In February of 2003, McDanold filed motions to amend his sentence and the parties filed a stipulation to amend the sentence and judgment. The District Court denied the motions and refused to amend its judgment pursuant to the stipulation. McDanold appeals.

STANDARD OF REVIEW

¶12   We review a district court's imposition of a criminal sentence for legality. On sentencing questions regarding statutory interpretation, we review the trial court's interpretation of the law to determine whether it is correct. *State v. Montoya*, 1999 MT 180, ¶¶ 15-16, 295 Mont. 288, ¶¶ 15-16, 983 P.2d 937, ¶¶ 15-16 (citations omitted).

ISSUE 1

¶13   Did the District Court have authority to order McDanold to pay restitution absent a deferred imposition of sentence?

4

¶14    McDanold argues that, under 1999 amendments to § 46-18-201, MCA, restitution may be imposed only on a deferred sentence.  We recently rejected a similar argument.

¶15    In *State v. Heath*, 2004 MT 126, 321 Mont. 280, 90 P.3d 426, we held that the 1999 amendments to § 46-18-201, MCA, do not limit a court's authority to impose restitution to cases in which sentencing has been deferred.  We concluded that, under Montana's sentencing statutes, restitution is a sentencing option whenever the sentencing court considers it necessary for rehabilitation or for the protection of the victim or society, and there is an appropriate correlation to the offense committed.  *Heath*, ¶ 38.

¶16    We hold the District Court had authority to order McDanold to pay restitution even though the court did not defer imposition of sentence.

ISSUE 2

¶17    Did the District Court err in ordering McDanold to pay restitution to Berry's parents and the crime victims compensation fund?

¶18    McDanold argues he had nothing to do with Steve Berry's death and should not be required to pay restitution for expenses which did not result from his offenses.  He claims the District Court erred in ordering him to pay restitution to Berry's parents and the crime victims compensation fund for Berry's funeral expenses, the headstone for Berry's grave, and Berry's parents' medical expenses and travel expenses for hearings concerning others charged with crimes relating to Berry's murder.  McDanold also claims he has been double-billed for some expenses for which the crime victims compensation fund has reimbursed Berry's parents.

5

¶19 McDanold correctly points out that, pursuant to § 46-18-241, MCA, a criminal defendant may be required to pay restitution only to a victim who has sustained pecuniary loss as a result of his offense, and it is undisputed that "victim," as defined at § 46-18-243(2)(a), MCA, includes the crime victims compensation fund. *See* § 46-18-243(2)(a)(v), MCA. McDanold further points out that, under *State v. Horton*, 2001 MT 100, 305 Mont. 242, 26 P.3d 886, and *State v. Setters*, 2001 MT 101, 305 Mont. 253, 25 P.3d 893, restitution must have a correlation or connection to the defendant's offense.

¶20 In *Horton*, the defendant challenged a restitution provision on grounds that restitution is statutorily limited to payment to the victim of the crime of which the defendant has been convicted. There, we held the district court exceeded its statutory authority by ordering the defendant to pay his child support obligation as a condition of his sentence for felony driving under the influence of alcohol or drugs, driving while his license was suspended and being a habitual traffic offender. *Horton*, ¶ 29.

¶21 In *Setters*, the defendant was convicted of tampering with public records or information. We held the district court exceeded its statutory authority to require restitution when it ordered the defendant to pay restitution for theft of public assistance benefits, a charge which had been dismissed pursuant to a plea agreement. *Setters*, ¶ 25.

¶22 Here, the State suggests an arguable connection between the offenses to which McDanold pled guilty and the pecuniary losses to Berry's parents and the crime victims compensation fund for which he was ordered to pay restitution. Nevertheless, it concedes this case should be remanded for reconsideration of the restitution matters. The State also

points out that, although the probation officer who prepared the presentence investigation report testified at the sentencing hearing about McDanold's ability to pay restitution, the officer was not asked about the specific claims of Berry's parents and his testimony gives no indication as to whether the amounts claimed by the parents had been paid in part by the crime victims compensation program.

¶23 We vacate the restitution provisions of McDanold's sentence and remand for further proceedings.

## ISSUE 3

¶24 Did the District Court err in denying McDanold's motion to amend the judgment by changing the designation of the offense in Count III of the Amended Information from assault with a weapon to assault with a weapon by accountability?

¶25 The undisputed facts underlying the assault with a weapon charge against McDanold establish that on November 30, 2000, Deines got out of the car with a pistol, fired a shot in the air and threatened Berry with the pistol, all while McDanold was in the car. The State's Count III, assault with a weapon, was stated in the alternative: that McDanold or a person for whom McDanold was legally accountable caused Berry reasonable apprehension of serious bodily injury with a weapon. Although the factual basis for McDanold's plea of guilty to assault with a weapon was premised entirely on the accountability alternative, neither the oral nor the written sentencing order includes any mention of a conviction or judgment for assault with a weapon by accountability. McDanold asserts this has affected his classification and treatment within the Montana prison system, and that this impact was

7

not discovered--and could not have been discovered--until his arrival at the prison in February of 2003.

¶26    McDanold moved the District Court to alter or amend its judgment to clarify that he was convicted of assault with a weapon by accountability.  In addition, the deputy county attorney and McDanold's counsel filed a written stipulation to amend the judgment in this regard.

¶27    The District Court noted that the stipulation was not filed until more than 30 days after sentencing--apparently referring to the § 46-18-116(1), MCA, deadline for entry of the written judgment after sentencing.  Noting further that no one claimed the written judgment differs from the sentence orally imposed, the District Court stated it would not amend the judgment absent an explanation of why this matter was not raised at sentencing.

¶28    On appeal, although the State does not concede the District Court erred, it agrees the judgment properly may be amended to reflect the accountability basis for the conviction of assault with a weapon, pursuant to the parties' stipulation.  It is uncontested that the reason for including the accountability basis for that conviction in the judgment did not present itself until McDanold was in prison.  Moreover, we observe that § 46-18-116(3), MCA, allows a court to correct a factually erroneous sentence or judgment at any time.  Under these unique circumstances, we remand for further consideration of this issue by the District Court.

¶29    Affirmed in part, vacated in part and remanded.

                                                              /S/ KARLA M. GRAY

8

We concur:


/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE