No. 03-107

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 127

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

ARNOLD WIEDRICH,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
                       In and for the County of Yellowstone, Cause No. DC 2002-0286
                       The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

           Kristina Guest, Assistant Appellate Defender, Helena, Montana

        For Respondent:

           Honorable Mike McGrath, Montana Attorney General, Carol E. Schmidt,
           Assistant Attorney General, Helena, Montana; Dennis Paxinos, Yellowstone
           County Attorney, Billings, Montana


                               Submitted on Briefs:  January 26, 2005

                                        Decided:  May 17, 2005

Filed:

_____
                           Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Arnold Wiedrich (Wiedrich) pled guilty to felony driving while under the influence of alcohol. He appeals the sentence imposed by the Thirteenth Judicial District Court. We affirm in part and vacate in part.

## ISSUES

¶2 Wiedrich presents the following two issues on appeal:

¶3 Are the sentencing conditions imposed in the District Court's written judgment invalid since these conditions were not discussed or imposed during the court's oral pronouncement of sentence?

¶4 Did the District Court err when it included a $1,000.00 fine in its written judgment?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 On April 6, 2002, at approximately 2:30 in the afternoon, Wiedrich turned the wrong way on a one-way street in Billings, Montana, and struck a vehicle stopped at a red light. The police were already en route having received a "driving under the influence" (DUI) call just before the accident. Upon arriving at the scene, the responding officer asked Wiedrich for his license and proof of insurance. Wiedrich answered that he had no license and did not know where his insurance information was. It was later determined that he had no insurance.

¶6 The officer smelled alcohol and asked Wiedrich to step out of his vehicle. Wiedrich's speech was badly slurred, his eyes were red and glassy and he was unable to stand. The officer ultimately had to drag him to an adjacent grassy spot to minimize Wiedrich's risk of injury should he fall again. Also to minimize the risk of injury, the officer chose not to administer field sobriety tests that involved balance and walking.

2

However, on a field-administered Horizontal Gaze Nystagmus (HGN) test, Wiedrich displayed the maximum number of clues for intoxication.

¶7 Wiedrich refused to take a Preliminary Alcohol Screening Test (PAST) but, upon subsequent instruction from his probation officer, provided a breath sample on the Intoxilizer 5000 at the Yellowstone County Detention Center. The result demonstrated that Wiedrich's blood alcohol content (BAC) was .250. Wiedrich was charged with one count of felony DUI and two misdemeanor counts--driving on a suspended or revoked license, and operating a vehicle without liability insurance.

¶8 At Wiedrich's April 10, 2002, arraignment, he pled not guilty. Additionally, on April 10, 2002, the State filed notice of its intent to designate Wiedrich a persistent felony offender (PFO). In August 2002, Wiedrich entered into a plea agreement and changed his plea to guilty. As part of the plea agreement, the State agreed to drop the misdemeanor charges against Wiedrich and agreed to recommend a sentence of ten years at Montana State Prison (MSP). The District Court accepted the change of plea and ordered a pre-sentence investigation report (PSI). The PSI, dated October 29, 2002, was submitted to the court on the morning of the sentencing hearing.

¶9 On November 18, 2002, the District Court held a sentencing hearing during which the State, pursuant to agreement, recommended ten years at MSP. Wiedrich's counsel in turn argued for five years at MSP, to run consecutive with the ten months remaining on a previous conviction for which Wiedrich had been on parole prior to the April 6 incident. The District Court, noting that this was Wiedrich's eleventh DUI, sentenced Wiedrich as a

3

PFO to fourteen years at MSP, with five years suspended. The court also prohibited Wiedrich from driving during the entire fourteen years and retained jurisdiction of the case to review the no-driving condition. On November 20, 2002, the District Court issued its written judgment. Wiedrich appeals on the ground that the written judgment contained terms and conditions that were not expressly articulated at the time the District Court pronounced the oral sentence.

## STANDARD OF REVIEW

¶10 We review a district court's imposition of a criminal sentence for legality. On sentencing questions regarding statutory interpretation, we review the trial court's interpretation of the law to determine whether it is correct. *State v. McDanold*, 2004 MT 167, ¶ 12, 322 Mont. 31, ¶ 12, 97 P.3d 1076, ¶ 12 (citing *State v. Montoya*, 1999 MT 180, ¶¶ 15-16, 295 Mont. 288, ¶¶ 15-16, 983 P.2d 937, ¶¶ 15-16).

## DISCUSSION

¶11 In *State v. Lane*, 1998 MT 76, 288 Mont. 286, 957 P.2d 9, we held that the oral pronouncement of a criminal sentence is the legally effective sentence. In issuing that ruling, the Court analyzed relevant statutes and Montana's Constitutional provision that provide a criminal defendant with the right to be present in the courtroom at the time of sentencing. The Court also observed that a "substantial number of the federal circuit courts and state supreme courts subscribe to the principle that when a conflict exists between a court's unambiguous oral pronouncement of sentence and a written judgment, the oral pronouncement, as correctly reported, must control." *Lane,* ¶ 39. As a result of our decision

4

in *Lane*, we concluded that the written judgment would serve "as evidence of the sentence orally pronounced." *Lane*, ¶ 40.

¶12 Wiedrich maintains that because the written judgment contains terms and conditions that were not orally pronounced, these extra conditions are invalid and should be removed from his sentence. Wiedrich requests that we reverse and remand this case to the District Court with orders that the District Court conform its written judgment to the oral pronouncement of sentence, thereby removing the majority of parole conditions contained in his current written judgment.

¶13 The State counters that, while the District Court judge did not read every term and condition contained in the PSI, it is evident from the transcript that the judge imposed, with some expressed variations, the PSI-recommended sentence, and that Wiedrich understood this during the sentencing hearing and at the time the sentence was pronounced. As a result, the State avers, the written sentence does not conflict with the oral sentence and should not be modified. Moreover, the State argues, the majority of the conditions imposed on Wiedrich were "stock" conditions that did not infringe on Wiedrich's liberty or property interests.

¶14 Because our ruling is based upon the specific colloquy that occurred during the sentencing hearing, we recite the relevant portions. After the District Court asked if there was any legal reason that sentencing should not go forward at that time, Wiedrich's counsel replied:

Counsel:                No, Judge. We have received a copy of the presentence investigation report. I have gone over that report with Mr. Wiedrich. I do have a couple of changes to point out to the Court.

District Court:      Okay.

¶15 Counsel for Wiedrich then identified specific pages and lines in the criminal history section of the PSI and requested changes or corrections. After obtaining the State's concurrence, the District Court judge entered the changes on his copy of the PSI in his handwriting. The court then requested the State's recommendations. The State recommended ten years at MSP, emphasizing that this was Wiedrich's eleventh DUI and that his BAC was more than double the legal limit.

¶16 Wiedrich's counsel then requested a five-year MSP sentence emphasizing her client's age (57 years) and his significant health problems. Wiedrich also asked to be allowed to attend the WATCH program. Counsel for Wiedrich then stated:

> I would respectfully ask that the Court consider imposing that sentence. I'd also like to, regarding the conditions of probation on page 7 of the PSI report, number 7 is that the defendant will obtain permission from probation and parole before financing or operating a vehicle, property, or engaging in business. I ask that you strike that, that's [sic] it's not rationally related to a DUI sentence. And secondly, on page 8, number 21 [of the PSI], is that the defendant will abide by a curfew as determined necessary and appropriate by probation and parole, and I would ask that that be stricken considering that Mr. Wiedrich is 57 years old. And with that –

The District Court responded: "Maybe if he would abide by curfew he would be less likely to be drinking."

¶17 The District Court subsequently asked if Wiedrich wished to say anything. Wiedrich declined. The court then noted from the criminal history section of the PSI that Wiedrich

6

had three prior felonies, twenty-three prior misdemeanors and eleven DUIs. The District Court then stated:

> The sentence recommended is appropriate, but we are going to make it a little longer so that we can watch over you at least until you're 72. It will be the sentence as to a persistent felony offender that the defendant be sentenced to 14 years at the Montana State Prison, 5 suspended. No driving at any time during this entire 14-year period, which is, when you tack it on to the parole that you're doing, it's going to be 15 years from now before you can drive again.
>
> I'll retain jurisdiction to review that just in case your probation officer thinks you ought to be allowed to drive. I will not strike the curfew. On number 7, I will not require that you have permission to finance or purchase property or engage in business, but you do have to have permission from your probation and parole officer before purchasing a motor vehicle.

¶18 As these transcript excerpts reveal, the District Court utilized the PSI when pronouncing sentence. The court clearly adopted the sentence recommended in the PSI, with some variations, and Wiedrich and his attorney were fully aware of this. We therefore decline to remand for re-sentencing. We nonetheless caution judges once again to carefully articulate, at pronouncement of sentence, each "aspect, term, requirement and condition" of an imposed sentence. *Lane*, ¶ 61 (Nelson, J., concurring). The risk of a written sentence differing from the oral sentence would be thereby minimized, if not eliminated, as would the likelihood of a sentence being later challenged.

¶19 Second, Wiedrich argues, and the State agrees, that the court failed to give Wiedrich credit against his $1,000.00 fine as is required under § 46-18-403(2), MCA, for the period of time he was incarcerated prior to his conviction. Section 46-18-403(2), MCA, requires that:

7

[a]ny person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of the offense must be allowed a credit for each day of incarceration prior to conviction, except that the amount allowed or credited may not exceed the amount of the fine. The daily rate of credit for incarceration must be established annually by the board of county commissioners by resolution. The daily rate must be equal to the actual cost incurred by the detention facility for which the rate is established.

It is undisputed that Wiedrich served at least 227 days prior to his conviction. The daily rate of credit for incarceration in Yellowstone County at that time was $50.00. Therefore, the credit the District Court was required to grant Wiedrich far exceeded the $1,000.00 fine. As a result, the $1,000.00 fine is vacated.

## CONCLUSION

¶20　For the foregoing reasons, we affirm the District Court's imposition of conditions contained in the preliminary sentencing investigation. We vacate the court's imposition of the $1,000.00 fine.

/S/ PATRICIA O. COTTER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS