

FILED

November 6 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 06-0659

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 280

STATE OF MONTANA,

  Plaintiff and Appellee,

 v.

LARRY STEVEN GARLAND,

  Defendant and Appellant.

APPEAL FROM:  District Court of the First Judicial District,
       In and For the County of Lewis And Clark, Cause No. ADC 1993-169
       Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Larry Steven Garland (Pro Se), Shelby, Montana

    For Appellee:

      Hon. Mike McGrath, Montana Attorney General, C. Mark Fowler,
      Assistant Attorney General, Helena, Montana

      Leo Gallagher, Lewis and Clark County Attorney, Lisa Leckie,
      Deputy County Attorney, Helena, Montana

         Submitted on Briefs: July 18, 2007

            Decided: November 6, 2007

Filed:

    _____
          Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Appellant Larry Steven Garland, proceeding pro se, appeals from the decision of the District Court for the First Judicial District, Lewis and Clark County, denying Garland's Petition to Modify Defendant's Written Judgment to Conform to the Courts' Oral Pronouncement of Sentence. We affirm.

¶2 The issue on appeal is as follows: Does the District Court's written judgment and commitment conform to the court's oral pronouncement of sentence?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On October 29, 1993, Garland was charged by information with one count of deliberate homicide, in violation of § 45-5-102, MCA. This charge stemmed from an October 22, 1993 incident in which Garland shot and killed his wife, Nina Jean Garland. Garland pleaded not guilty to the charge on November 2, 1993.

¶4 On March 16, 1994, Garland changed his plea to guilty of one count of mitigated deliberate homicide. The District Court, the Honorable Dorothy McCarter presiding, ordered a presentence investigation and set Garland's sentencing hearing for April 26, 1994. Present at that hearing were Judge McCarter, Lewis and Clark County Attorney Mike McGrath, Garland, and his attorney, J. Mayo Ashley. Initially, Judge McCarter imposed a 30-year sentence for mitigated deliberate homicide and a 10-year sentence for use of a dangerous weapon in the commission of this offense and ordered these sentences to be served consecutively. Judge McCarter then explained her reasoning behind the sentence as well as the conditions on Garland's parole eligibility.

2

¶5   After doing so, Judge McCarter asked the county attorney if she had omitted

anything, at which point the following discussion ensued:

> MR. MCGRATH:  Your Honor, for point of clarification in terms of supervision upon his release from a practical standpoint what would work much better would be for the Court to impose a 40 year sentence with ten suspended so that then it is clear you are still impossing [sic] the identical sentence but then it is clear there is a suspended portion of the sentence and that allows the probation office to supervise him with the conditions that you have imposed.
> THE COURT:  I am wondering how that will affect the time of his parole eligibility.
> MR. MCGRATH:  It doesn't.
> THE COURT:  It won't?
> MR. MCGRATH:  It is the same.
> THE COURT:  Okay.
> MR. MCGRATH:  The effect is the same, just adds a tail at the end.
> MR. ASHLEY:  I am not sure that is true, Your Honor.  If you have got two sentences running consecutively, you have got to discharge one, at least one portion of it before the other one kicks in.
> THE COURT:  I think with the previous ten years consecutive after the 30 years --
> MR. MCGRATH:  I understand from Mr. Piskolich [the probation and parole officer who prepared the presentence investigation report] that they can parole him from the first sentence to the second sentence and my understanding is it works the same, but what this does is give us a suspended portion so that they know what they are supposed to do and have the ability to supervise.
> THE COURT:  Okay.  We will do that.  So it will be 40 years with ten suspended.  As long as -- I want it understood that as long as that doesn't make his parole eligibility sooner.  I don't want his parole eligibility any sooner than it would be with 40 straight years.  Okay.
> MR. MCGRATH:  That will be fine.
> THE COURT:  Okay.

¶6   The following day, Judge McCarter entered the written judgment and

commitment, which reflected the original sentence of 30 years for the offense of

mitigated deliberate homicide plus 10 years for use of a dangerous weapon in the

commission of this offense, to be served consecutively and with no portion of either

sentence suspended. As a result, Garland wrote a letter to Judge McCarter, inquiring as follows:

> I was sentenced on April 22 [sic], 1994 in your court. You sentenced me to 30 years with 10 years suspended + 10 years for use of a weapon to run consecutively. The court sent the papers to the prison in error and did not reflect the 10 year suspension you gave me but 40 years non-dangerous. Is it possible for someone to send me a copy of the sentencing transcript so I can get the proper credit and correct sentence you gave me.

¶7 In response to this letter, Judge McCarter wrote to Garland explaining:

> As you recall, during the sentencing proceeding I discussed with the attorneys the possibility of suspending a portion of your sentence. However, upon further discussion with the attorneys, it became apparent that suspending a portion of the sentence would affect your parole eligibility. It was my intention that your parole eligibility be based on 40 straight years. Therefore, I ultimately decided to impose a sentence of 30 years for the offense, and 10 years for use of a dangerous weapon, both sentences to run consecutively. I did not suspend any portion of your sentence.

Judge McCarter concluded that the sentence contained in the written judgment and commitment "is accurate," and Garland did not appeal this determination.

¶8 Almost twelve years later, on August 15, 2006, Garland submitted a Petition to Modify Defendant's Written Judgment to Conform to the Courts' Oral Pronouncement of Sentence. Garland relied on § 46-18-117, MCA (1993),[1] which states: "The court may correct an erroneous sentence or disposition at any time . . . ." Garland claimed that the sentence contained in the District Court's written judgment dated April 27, 1994, was erroneous because it was different than, and in direct conflict with, the court's oral

---

[1] The applicable sentencing statutes are those in effect at the time the underlying offense was committed. *State v. Seals*, 2007 MT 71, ¶ 8, 336 Mont. 416, ¶ 8, 156 P.3d 15, ¶ 8. As noted above, Garland's offense was committed October 22, 1993.

pronouncement of sentence the previous day. Garland claimed this violated *State v. Lane*, 1998 MT 76, 288 Mont. 286, 957 P.2d 9, and its progeny, which hold that the sentence orally pronounced from the bench, in the defendant's presence, is the legally effective sentence and final judgment. *See Lane*, ¶ 40; *State v. Simpson*, 1999 MT 259, ¶ 14, 296 Mont. 335, ¶ 14, 989 P.2d 361, ¶ 14; *State v. Johnson*, 2000 MT 290, ¶ 15, 302 Mont. 265, ¶ 15, 14 P.3d 480, ¶ 15; *State v. Lucero*, 2004 MT 248, ¶ 24, 323 Mont. 42, ¶ 24, 97 P.3d 1106, ¶ 24.

¶9 The State filed a response to Garland's petition on August 28, 2006, and on September 5, 2006, the District Court entered its decision and order denying Garland's petition on the ground that the written judgment was not in conflict with the oral pronouncement. The court explained:

> Everyone, including Defendant, understood the discussion at the sentencing hearing that the ten years would be suspended only if it had no effect on the time of parole eligibility. Prior to signing the written judgment, the Court learned that suspending ten years would indeed shorten the time of Defendant's parole eligibility. Thus, the written judgment indicated a straight 40-year sentence.

This appeal followed.

## STANDARD OF REVIEW

¶10 We review a criminal sentence for legality only. *State v. Eaton*, 2004 MT 283, ¶ 11, 323 Mont. 287, ¶ 11, 99 P.3d 661, ¶ 11. A determination of a sentence's legality is a question of law and we review such questions de novo. *State v. Seals*, 2007 MT 71, ¶ 7, 336 Mont. 416, ¶ 7, 156 P.3d 15, ¶ 7.

## DISCUSSION

5

¶11   ***Does the District Court's written judgment and commitment conform to the court's oral pronouncement of sentence?***

¶12   Garland contends that the written judgment, under which he was sentenced on April 27, 1994, and is currently incarcerated, is invalid as it does not conform to the District Court's oral pronouncement of sentence. Citing *Lane*, ¶ 40, Garland argues that the sentence orally pronounced from the bench in the presence of the defendant is the legally effective sentence and valid, final judgment. Garland claims that while his sentence at the April 26, 1994 hearing was pronounced as 40 years with 10 years suspended, the written judgment reflects a sentence of 30 years plus 10 years to be served consecutively and with no portion of either sentence suspended. Garland asserts, therefore, that the District Court erred in denying his petition and that we should vacate his sentence and remand the case for resentencing to reflect what Garland claims was the orally pronounced (and legally effective) sentence of 40 years with 10 years suspended.

¶13   We note that at the time Garland was sentenced, our cases held that the oral pronouncement of sentence was *not* the final judgment and the court could change the sentence prior to entry of the written judgment. *See e.g. State v. Enfinger*, 222 Mont. 438, 444, 722 P.2d 1170, 1174 (1986); *State v. Wirtala*, 231 Mont. 264, 270, 752 P.2d 177, 181 (1988). Garland, however, relies on *Lane*, a case decided nearly four years after his conviction and sentencing, for the proposition that the oral pronouncement of sentence is the legally effective sentence. Garland apparently assumes that *Lane* applies retroactively to his sentence. We need not decide that question, however, because we

6

conclude that Garland's assertion that the oral and written sentences conflict is factually incorrect.

¶14 As discussed above, Judge McCarter initially imposed a sentence of 30 years for mitigated deliberate homicide plus 10 years for use of a dangerous weapon at the April 26, 1994 sentencing hearing. She did not say that any portion of this sentence was to be suspended. The county attorney then requested that the court instead impose a 40-year sentence with 10 years of that suspended. The court agreed to do so but only "as long as that doesn't make [Garland's] parole eligibility sooner." This contingency was stated explicitly and in Garland's presence.

¶15 As it turned out, Judge McCarter subsequently determined, "upon further discussion with the attorneys," that suspending a portion of Garland's sentence would, in fact, make his parole eligibility sooner. Therefore, her written judgment reflects the original sentence pronounced at the hearing—30 years for mitigated deliberate homicide plus 10 years for use of a dangerous weapon in the commission of an offense, to be served consecutively and with no portion of either sentence suspended. Simply stated, the contingency was not satisfied and, thus, the original sentence remained effective. The written judgment accurately reflects this fact. Accordingly, we conclude that the District Court's written judgment and commitment conforms to the court's oral pronouncement of sentence.

**CONCLUSION**

¶16 We hold that the District Court did not err in refusing to grant Garland's Petition to Modify Defendant's Written Judgment to Conform to the Courts' Oral Pronouncement of Sentence.

¶17 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS