DA 10-0048

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 233

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

BRUCE LEE HAFNER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 08-82
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Bryan Charles Tipp, Brett D. Schandelson, Tipp & Buley, P.C.,
Missoula, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney, Suzy Boylan, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  September 23, 2010

Decided:  November 3, 2010

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Bruce Hafner (Hafner) was convicted of driving while under the influence of alcohol (DUI) and careless driving. He appeals, alleging the Fourth Judicial District Court erred in denying his motion to suppress evidence of his refusal to submit to sobriety breath tests. He also appeals the District Court's ruling denying him credit towards an imposed fine for the days he served in pretrial detention. We affirm.

## ISSUES

¶2 A restatement of the issues on appeal is:

¶3 Did the District Court err in denying Hafner's motion to suppress?

¶4 Did the District Court incorrectly interpret § 46-18-403, MCA?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 On January 29, 2008, at approximately 1:15 a.m., Deputy Agnew of the Missoula County Sheriff's Office responded to a report from a passing witness that a vehicle was in a ditch off Highway 12. The witness, who was a driver for the Department of Transportation, opined that the driver may be intoxicated. When Agnew arrived at the scene, he first spoke with the witness who had remained near the ditched vehicle. The witness explained that the driver of the ditched car had repeatedly tried to back out of the ditch but was unsuccessful because one of the rear tires of the car had no contact with the ground. Agnew noted that the car had come to rest hood-first in the ditch with the driver's side against a cattle guard; therefore, Agnew approached and opened the passenger door. He immediately detected the strong smell of alcohol and noticed that Hafner's eyes were bloodshot and glassy and his speech was slurred.

2

¶6     Agnew instructed Hafner to exit the vehicle through the passenger door, but Hafner tried to exit through the driver's door. Agnew instructed him again to get out of the vehicle through the passenger door. When Hafner did this, Agnew smelled alcohol on Hafner. Also, Agnew noted Hafner could not maintain his balance and appeared to have wet his pants.

¶7     Based on Hafner's apparent intoxicated state and the icy, uneven road at the scene, Agnew elected not to conduct field sobriety tests at the scene and took Hafner into custody, intending to complete his investigation at the sheriff's office. Upon arrival, Hafner was taken to a processing room. While there he was verbally abusive to the officers and refused to perform any field sobriety tests or provide a breath sample. Because Hafner had four previous DUI convictions, he was charged with felony DUI, careless driving and failure to have liability insurance in effect.

¶8     On February 13, 2008, the Missoula County Attorney filed an Information in District Court and Hafner was released on $10,000 bail. On March 6, he pled not guilty to all charges. In August 2008, Hafner filed a motion to suppress all evidence seized after his arrest. He argued that the objective facts available at the time Agnew arrested him did not support a finding of probable cause that he was guilty of DUI; at best, they supported a finding of particularized suspicion. Hafner asserted that with particularized suspicion, Agnew could have only temporarily detained him while conducting an investigation to determine if there was probable cause for arrest. Hafner noted probable cause in these situations is typically obtained through field sobriety tests which Agnew chose not to conduct at that time. He opined that Agnew's failure to conduct field

3

sobriety tests meant Agnew arrested him on particularized suspicion alone, and therefore the warrantless arrest was without probable cause and was unlawful.

¶9 The parties agreed that a suppression hearing need not be held and the court could decide the matter based on the motion and responses. On October 20, 2008, the District Court denied Hafner's motion, concluding that Agnew had sufficient probable cause for the arrest.

¶10 On February 11, 2009, Hafner changed his plea on the DUI charge to guilty and entered into a plea agreement. The plea agreement contained a provision that Hafner would not receive credit toward his $1,000 fine for his time served in pretrial detention. The agreement also acknowledged that Hafner retained his right to appeal the court's suppression ruling.

¶11 On December 10, 2009, Hafner was committed to the Department of Corrections (DOC) for 13 months for placement in the WATCh program, followed by 4 years with the DOC to be suspended upon Hafner's successful completion of the WATCh program. The court ordered that Hafner should receive credit toward his sentence for the 137 days he spent in pretrial detention. However, the District Court ruled that Hafner should **not** receive credit toward his $1,000 fine. Hafner filed a timely notice of appeal challenging the District Court's ruling on his suppression motion and the court's refusal to apply credit for days served against his fine.

**STANDARDS OF REVIEW**

4

¶12 We review a district court's ruling on a motion to suppress to determine whether its findings of fact are clearly erroneous and its interpretation and application of the law are correct. *State v. Charlie*, 2010 MT 195, ¶ 20, 357 Mont. 355, ___ P.3d ___.

¶13 The parties proffered different standards for our review of sentence legality. Hafner opined that we review sentence legality for correctness while the State put forth an abuse of discretion standard. We note that in the past, this Court reviewed a sentence for an abuse of discretion (*State v. Richards*, 285 Mont. 322, 324, 948 P.2d 240, 241 (1997), *overruled*, *State v. Herman*, 2008 MT 187, ¶ 11, 343 Mont. 494, 188 P.3d 978); however, we determined in 1999 that we will review sentences only for legality, and we will not apply an abuse of discretion standard. *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, 983 P.2d 937. Since deciding *Montoya*, we have established two narrow exceptions to this rule. First, if a defendant is sentenced to serve less than one year of actual incarceration, we will review a sentence both for legality and for abuse of discretion. *State v. Herd*, 2004 MT 85, ¶ 22, 320 Mont. 490, 87 P.3d 1017. Second, we will review for an abuse of discretion the reasonableness of conditions imposed on probation. *State v. Ashby*, 2008 MT 83, ¶ 9, 342 Mont. 187, 179 P.3d 1164. As neither of these exceptions applies to the case before us, we review Hafner's sentence for legality and not for abuse of discretion.

## DISCUSSION

¶14 *Did the District Court err in denying Hafner's motion to suppress?*

¶15 For an officer to arrest someone without first obtaining a warrant, the officer must have probable cause to believe that the person is committing an offense or that the person

5

has committed an offense and existing circumstances require immediate arrest. Section 46-6-311, MCA. In the case before us, Agnew arrested Hafner for DUI without a warrant. Hafner refused to take post-arrest sobriety tests. As noted above, Hafner moved to have all evidence obtained after his arrest, including evidence of his refusal to take these tests, suppressed on the ground that Agnew did not have probable cause to arrest him. It is well established that suppression of all evidence seized as a result of an illegal arrest is the appropriate remedy. *State v. McKee*, 1998 MT 110, ¶ 27, 288 Mont. 454, 958 P.2d 700. To determine whether the District Court erred in denying Hafner's motion, we must determine whether Agnew had sufficient probable cause to arrest Hafner.

¶16 We stated in *City of Missoula v. Forest*, 236 Mont. 129, 132, 769 P.2d 699, 701 (1989), "Probable cause must be based on an assessment of all relevant circumstances, evaluated in light of the knowledge of a trained law enforcement officer." We continued: "field sobriety tests are a tool which can assure the officer that the person is in fact under the effect of intoxicating beverages. However, the absence of such tests do not fatally flaw the probable cause determination." *Forest*, 236 Mont. at 133, 769 P.2d at 701. *See also In re Cybulski*, 2008 MT 128, ¶ 29, 343 Mont. 56, 183 P.3d 39.

¶17 Hafner acknowledges these cases but argues that without field sobriety tests, Agnew had no probable cause to arrest him. He asserts Agnew should have performed those field sobriety tests that could have been conducted safely despite the inclement weather, such as the horizontal gaze nystagmus, the alphabet test, and the fingertip dexterity test, to name a few. He further opines that "the objective facts" available to

Agnew at the time of arrest did not provide probable cause. We therefore review those "objective facts."

¶18 First, Hafner's vehicle was in the ditch evidencing that Hafner had been driving the vehicle when he lost control of it. Additionally, his repeated futile efforts to back out of the ditch (to the extent he melted a rear tire) revealed that he failed to grasp his situation. Both Hafner and the vehicle smelled strongly of alcohol. Hafner's eyes were glassy and bloodshot, his speech was slurred, and he had trouble understanding and responding to the simple instruction of getting out of the vehicle by way of the passenger side. Once out of the vehicle he could not keep his balance and he appeared to have urinated on himself.

¶19 These "objective facts" are undisputedly symptoms of intoxication. In *State v. Hendrickson*, 283 Mont. 105, 112, 939 P.2d 985, 989 (1997), we noted that the officer's observation of Hendrickson's difficulty in maneuvering his motorcycle in traffic, his slurred speech, his red and watery eyes, and the smell of alcohol on his breath was sufficient to establish probable cause to arrest him for DUI. While we acknowledge Agnew did not witness Hafner actually driving his vehicle in an erratic or uncontrolled manner, we nonetheless conclude Agnew's "assessment of all relevant circumstances, evaluated in light of [his] knowledge [as] a trained law enforcement officer," provided sufficient probable cause to arrest Hafner for DUI. *Forest*, 236 Mont. at 132, 769 P.2d at 701. Moreover, while we urge officers to conduct such field tests as are possible and appropriate prior to arrest, we restate that overt objective evidence of intoxication can

7

provide probable cause without such test results. As the District Court reached the same conclusion, the court's denial of Hafner's motion to suppress was not error.

¶20    *Did the District Court incorrectly interpret § 46-18-403, MCA?*

¶21    Section 46-18-403(2), MCA, provides:

> A person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of the offense **may** be allowed a credit for each day of incarceration prior to conviction, except that the amount allowed or credited may not exceed the amount of the fine. The daily rate of credit for incarceration must be established annually by the board of county commissioners by resolution. The daily rate must be equal to the actual cost incurred by the detention facility for which the rate is established. (Emphasis added.)

¶22    Hafner complains that the provisions of § 46-18-403(2), MCA, were not met and the District Court erred in not giving him credit for his pretrial detention time against his $1,000 fine. Hafner relies exclusively on our holding in *State v. Wiedrich*, 2005 MT 127, 327 Mont. 214, 112 P.3d 1054. In *Wiedrich*, Wiedrich entered into a plea agreement after being charged with felony DUI following his eleventh DUI. He was sentenced as a persistent felony offender to Montana State Prison for 14 years, 5 years suspended. He was also fined $1,000. He appealed the district court's failure to give him credit against this fine for the time he was incarcerated prior to his conviction. Hafner emphasizes that the *Wiedrich* court stated that the credit provided in § 46-18-403(2), MCA, was "required." He urges us to draw the same conclusion. We decline based upon the statutory language.

¶23    In 2002, when Wiedrich was charged, § 46-18-403(2), MCA, read:

> Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of the offense **must** be allowed

8

a credit for each day of incarceration prior to conviction, except that the amount allowed or credited may not exceed the amount of the fine. The daily rate of credit for incarceration must be established annually by the board of county commissioners by resolution. The daily rate must be equal to the actual cost incurred by the detention facility for which the rate is established. (Emphasis added.)

¶24 Notably, the 2002 statute states that the credit "must" be allowed whereas the current statute applicable to Hafner states that such a credit "may" be allowed. As we have repeatedly noted, § 1-2-101, MCA, instructs that "the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." *See Bank of Am. v. Ivey*, 2010 MT 131, ¶ 10, 356 Mont. 388, 234 P.3d 867. Given that the Legislature revised this statute in 2005 and gave courts the discretion to give or refuse such a credit, we cannot impose the mandatory requirements that previously existed. The District Court concluded that it was not required to grant Hafner credit against his fine for time served. This is not an incorrect interpretation of the applicable statute.

## CONCLUSION

¶25 For the foregoing reasons, we affirm the District Court's ruling.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON