DA 13-0201

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 123N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

STEVEN ELMER LESKOVEC,

      Defendant and Appellant.


| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District,<br>In and For the County of Broadwater, Cause No. DC 10-03<br>Honorable James P. Reynolds, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

            Wade Zolynski, Chief Appellate Defender; Koan Mercer, Assistant
            Appellate Defender; Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General; Kathryn F. Schulz, Assistant
            Attorney General; Helena, Montana

            Karla Bosse, Broadway County Attorney; Townsend, Montana


                  Submitted on Briefs:  April 16, 2014
                         Decided:  May 7, 2014

Filed:

_____
                              Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Steve Leskovec (Leskovec) appeals the order of the First Judicial District Court, Broadwater County, denying his request to conform the written judgment to the oral pronouncement of sentence.

¶3 On June 6, 2011, Leskovec pled guilty to theft, a felony, as well as criminal mischief and trespass, both misdemeanors. A written plea agreement was signed by Leskovec's counsel and counsel for the State, but was not signed by Leskovec, as he objected to the requested restitution amount. The plea agreement recited that Leskovec would plead guilty to the felony theft for a recommendation by the State of a six-year deferred imposition of sentence with ten specified conditions, and that the two misdemeanor charges would be dropped. This agreement also noted that Leskovec would be placed under the supervision of the Department of Corrections (DOC) and must follow its rules and regulations. Subsequently, Leskovec agreed to plead guilty to all three charges, with the same recommended sentence for the felony, and both parties agreed to allow restitution to be determined by the court following a hearing. Following the entry of Leskovec's guilty pleas, the court ordered preparation of a presentence

2

investigation report (PSI). The PSI was completed on August 9, 2011, and contained sentencing recommendations for both the felony and the two misdemeanors. Sentence was imposed on August 22, 2011.

¶4     At sentencing, the court inquired as to the differences, if any, between the PSI and the plea agreement. The State explained that Leskovec had pled guilty to all three charges, and the court needed to impose sentence on all three, but that the plea agreement only covered the felony. Leskovec's counsel agreed, and noted an objection to imposing attorney fees as recommended in the PSI but not contained in the plea agreement. He then concluded: "And I think, other than that, the rest of the conditions, I think, are fairly acceptable in terms of the Presentence Investigation."

¶5     The court concluded it would "adopt the plea agreement, sort of in consolidation with the Presentence Investigation." For the felony count, the court deferred sentence for a period of six years "on the conditions that are set forth in the plea agreement." Leskovec declined the court's offer to have the conditions read to him. The court also sentenced him on the misdemeanors to two six-month sentences to be run concurrently, with all time suspended, "in accordance with the Presentence Investigation." All parties agreed to hold a future hearing on restitution. That hearing was not held until nearly one year later.

¶6     On January 13, 2012, the court filed a Memorandum on Sentence and Judgment. This memorandum noted that the State had prepared a written judgment but defense counsel had requested that a number of conditions be stricken from the written judgment

to conform it to the sentence orally pronounced. The memorandum contains the only record reference to Leskovec's objections and the State's response thereto. The court granted Leskovec's request to strike certain conditions that were not contained in either the PSI or the plea agreement, but denied the request to strike conditions contained in the PSI but absent from the plea agreement.[1] The court then issued the written Sentence and Judgment of Conviction on January 23, 2012. Following the court's determination of restitution on January 17, 2013, Leskovec appealed the court's refusal to limit all conditions on the felony count to those in the written plea agreement.

¶7 On appeal, Leskovec notes that § 46-18-116(2), MCA, requires the District Court to conform the written sentence to the oral pronouncement. He argues the District Court's oral pronouncement explicitly stated the felony count would only be contingent on the conditions specified in the written plea agreement, while the misdemeanor charges were contingent on the conditions explained in the PSI. Thus, by including conditions on the felony count that were not contained in the plea agreement, Leskovec contends the written sentence differs from the oral pronouncement.

---

[1] The challenged conditions remaining on the felony sentence require Leskovec to obtain a chemical dependency evaluation; obtain a mental health evaluation; abide by curfew as deemed necessary by the probation officer; complete community service as ordered by the court or the probation officer; pay the costs of appointed counsel and community service supervision; submit to random drug or alcohol testing; attend self-help groups at the direction of the probation officer; advise medical professionals of addiction history and convictions; notify probation of all prescriptions before filling them; obtain approval of the court before obtaining a medical marijuana card; and abstain from gambling. Leskovec does not challenge the imposition of these conditions generally as he concedes they were validly placed on the misdemeanor charges, nor does he claim the court did not have the authority to impose these conditions at sentencing.

¶8　　The State argues Leskovec's appeal should be considered untimely as either a direct appeal or request for postconviction relief because it was not brought for over one year after the written judgment of sentence was entered. While conceding that the restitution issue remained unsettled until January 2013, the State argues the sentence and conditions originally imposed in 2012 were not in dispute and were thus final for purposes of appeal as of the 2012 written judgment. However, we have held that for a judgment to constitute an appealable "final judgment of conviction" it must impose a final sentence. *State v. Bonamarte*, 2006 MT 291, ¶ 6, 334 Mont. 376, 147 P.3d 220. A sentence is not final if the issue of restitution is still outstanding. *Bonamarte*, ¶ 7. This Court would not have jurisdiction to hear an appeal prior to the trial court's fixing of restitution when expressly reserved as a pending issue. *Bonamarte*, ¶ 8. Thus, this appeal was timely brought after the final sentence was imposed in January 2013.

¶9　　We review a district court's imposition of sentence for legality only. *State v. Johnson*, 2000 MT 290, ¶ 13, 302 Mont. 265, 14 P.3d 480. Whether a sentence is legal is a question of law which we review de novo to determine whether the court's interpretation of the law is correct. *Johnson*, ¶ 13.

¶10　　In *Johnson*, ¶ 24, we recounted our prior holdings in cases involving conformity of a written sentence to an oral pronouncement and held that what is at issue in such cases is "whether a written judgment has, without notice, substantively *increased* a defendant's criminal sentence that was previously imposed in open court in the defendant's presence." (Emphasis in original.) We thus held that

[i]n determining whether any portion of a judge's subsequent written judgment is unlawful, therefore, we need only determine first, whether the defendant was afforded the opportunity to respond to its inclusion upon sufficient notice at sentencing, and second, whether that portion of the written judgment substantively increases one of two things: (1) the defendant's loss of liberty; and (2) the defendant's sacrifice of property.

*Johnson*, ¶ 24.[2] When evaluating the oral pronouncement of sentence regarding notice to the defendant, we look to the entirety of the colloquy. *See State v. Wiedrich*, 2005 MT 127, ¶¶ 12-18, 327 Mont. 214, 112 P.3d 1054; *State v. Garland*, 2007 MT 280, ¶¶ 14-15, 339 Mont. 433, 171 P.3d 675.

¶11 Here, the PSI listed the challenged conditions as being recommended for all three sentences, rather than just the misdemeanor charges. The discussion at the sentencing hearing demonstrates that the District Court was essentially consolidating the PSI and the plea agreement, and the court asked Leskovec to explain the differences between the two, at which point only the attorney fees condition was raised as objectionable. Leskovec thus had notice of the challenged conditions and was afforded an opportunity to respond to their inclusion.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The

---

[2] Although Leskovec argues that *Johnson* dealt with a constitutional challenge rather than a "strictly statutory" challenge under § 46-18-116(2), MCA, this provision did not exist when *Johnson* was decided. We reaffirmed this rule from *Johnson* in applying a challenge under the new statutory provision in *State v. Kroll*, 2004 MT 203, ¶ 20, 322 Mont. 294, 95 P.3d 717. There, we held that the statute did not overrule our prior case law on the subject but had merely "provide[d] the parties an avenue for conforming the written judgment to the oral pronouncement of sentence." *Kroll*, ¶ 18.

issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶13 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON